| 1 | 635 |
|---|---|
| 108 | ³321 |

# THE TOWN OF LASALLE

v.

## GEORGE L. BLANCHARD.

1. SUIT BY TOWN AGAINST AN OFFICER—ACTION ON HIS BOND NOT EXCLUSIVE.—In an action by a town in its corporate capacity to recover money received by one of its officers to its use, the remedy by action upon his official bond is not exclusive, but the town having the capacity by statute to sue and be sued may have its remedy at common law therefor.

2. TREASURER OF HIGHWAY COMMISSIONERS—NOT ENTITLED TO COMMISSIONS FOR PAYING OUT MONEY.—The act of 1872, allowing the treasurer of the commissioners of highways, commissions upon all sums received and paid out by him, was superseded by the act of 1873, and a treasurer of such commissioners is not entitled to retain, as commissions, two per cent. of the

moneys of the town received and paid out by him for road purposes during the year 1874.

3. CONSTRUCTION OF STATUTE—RETROACTIVE LAWS.—It was insisted by appellee that the statute of 1875, allowing such commissions was retrospective, and this gave him authority to retain such commission. *Held*, that the statute was not retrospective. Courts will not give to a law a retroactive operation, even where they might do so without violation of the Constitution, unless the intention of the Legislature be clearly expressed in favor of such retrospective operation.

4. CONSTITUTIONAL PROHIBITION.—The Constitution declares that the General Assembly shall never grant or authorize extra compensation or allowance to a public officer after service rendered, hence the claim of appellee to such commissions under the Act of 1875, cannot be sustained on the ground that the statute is retroactive, for it would then be doubtful if the Act itself could be sustained.

ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. DUNCAN & O'CONNOR and Mr. E. F. BULL, for plaintiff in error; that a person accepting a public office to which is attached a fixed compensation, must be content with such compensation, and no promise to pay extra for additional duties is binding, cited City of Decatur v. Vermillion, 77 Ill. 315; Dillon on Municipal Corporations, § 172.

Mr. G. S. ELDREDGE, for defendant in error; that the cause having been tried by the court below without a jury and no motion for a new trial made, the finding of the court cannot be assailed, cited, Bills v. Stanton, 69 Ill. 51; Smith v. Gillett, 50 Ill. 290; Evans v. Lohr, 2 Scam. 511.

That towns are not represented in a municipal capacity by "corporate authorities" with general power to sue and be sued: Dillon on Municipal Corporations, § 9: People v. Mayor, etc., 51 Ill. 18; Marshall v. Sethman, 61 Ill. 218.

PILLSBURY, J. The appellee, Blanchard, was elected Highway Commissioner in April, 1874. He was, by the Board of Highway Commissioners, chosen treasurer, which position he accepted and held during his term of office as commissioner.

In the year 1874, the township of LaSalle erected a bridge across the Illinois River at Shippingsport, costing upwards of

Town of LaSalle v. Blanchard.

$80,000. To pay for this bridge the town issued $82,000 in bonds of the township, which were either delivered to the contractors by appellee, or disposed of by him, and the proceeds paid to them. It appears that all the bonds and moneys raised for road and bridge purposes passed through the hands of appellee, out of which he retained two per cent. as his commissions. The commissions claimed by appellee for the year 1874, amounted to a large sum, which he refused to pay over to his successor or to account to the town therefor otherwise than as commissions due him for handling the funds of the town.

The town brings this suit in its corporate capacity against appellee to recover the amounts thus retained by him, insisting that during the official year of 1874, he was not entitled to commissions.

In the court below, the court allowed him two per cent. upon all sums paid out by him, and the plaintiff excepted to such finding, and appeals to this court and assigns such action of the court for error. A single cross-error has been assigned by appellee, that the court should have dismissed the suit because the town cannot recover in its corporate capacity against the appellee. The reason assigned is, that appellee gave bond, and the remedy is upon it, that the statute has not, in terms, given this action.

We are of the opinion that the action upon the bond is not exclusive ; that the statute authorizes the town to sue or be sued, and having the capacity to sue, has its remedy at common law to recover money had and received to its use the same as an individual. The giving of the bond under the statute is but an additional security, and does not supersede the common law remedy.

The appellee, to the town, stands in the relation of an agent who, having collected his principal's money, refuses to account for it. Cooley on Taxation, 497, and authorities cited.

There is no error in this regard.

Was the appellee entitled to a commission of two per cent. upon moneys paid out by him during the year 1874? By the act of 1872, in force August 15 of that year, for the first time treasurers of the highway commissioners were allowed

commissions upon all moneys received and paid out by them, except such as they should pay over to their successors.

This act remained in force until April 11, 1873, when it was superseded, by act of that date, the 126th section of which expressly repeals the act of 1872. By the act of 1873, treasurers of highway commissioners received no compensation for receiving and disbursing road and bridge funds. It is conceded by the appellee that there was no statute in force from the time of his election in 1874 until April 15th, 1875, allowing him commissions as treasurer, but it is claimed by him. that the act of the latter date, session laws of 1875, page 111, has a retroactive effect, thereby entitling him to retain two per cent. for moneys already disbursed by him during 1874.

That act is entitled, "An act to provide for the election of commissioners of highways in counties under township organization, and to legalize the election and official acts of such as were elected in the year 1874 and 1875, and to fix the compensation of the treasurer of such commissioners."

The first section provides for the election of one commissioner of highways in each town, who shall hold his office for three years, and until his successor is elected and qualified.

The second section legalizes the official acts of those elected in 1874 and 1875. The third section is as follows: "The treasurer of the Board of Highway Commissioners shall receive for his services as such treasurer two per cent. on all moneys he may receive and pay out, except such moneys as he may pay over to his successor in office." Courts will not give to a law a retrospective operation, even where they might do so without violation of the Constitution, unless the intention of the legislature is clearly expressed in favor of such retrospective operation.

This rule applies with the greater force where, by giving the law such effect, a serious question would be raised as to the constitutionality of the act. Where a statute can, consistent with the rules of interpretation, be so construed as to harmonize with the Constitution, such construction will be adopted by the courts, rather than one which will raise an apparent conflict between the law and the Constitution.

Town of LaSalle v. Blanchard.

The Constitution of this State, article IV., section 19, provides that: "The General Assembly shall never grant or authorize extra compensation or allowance to any public officer, agent servant or contractor, after service rendered or contract made," etc.   It is clear, in this case, that the larger portion of the claims of appellee for compensation, was for services rendered in 1874, and before the passage of the act of 1875, and when, it is admitted, there was no statute allowing him commissions, therefore, to say the least, it may well be doubted whether the statute of 1875, even if it purported to be retrospective, could be sustained.   If it be true, as suggested, that the failure to make provision for the compensation of treasurers of highway commissioners, in the act of 1873, was through inadvertence, still we cannot aid the appellee, for the courts cannot correct supposed errors, omissions, or excesses of the legislature.   Waller v. Harris, 20 Wend. 561, 562.   We are unable to see that the statute of 1875 was designed to be retrospective in its operation.

There was no provision in the act of 1873, declaratory of the time and manner of the election of highway commissioners, although the office was fully recognized by the act, in its various sections, prescribing the duties of such.

Elections were held for one highway commissioner, with other township officers, at the annual town meeting in 1874 and 1875.   The persons so elected, qualified and entered upon the duties of the office, and the act of 1875, so far as it purports to have a retrospective effect, simply legalizes the election and official acts of those elected and acting as such commissioners.

It is urged that the portion of the title of the act, reading, "and to fix the compensation of the treasurer of such commissioners," refers to those elected in 1874 and 1875, and, therefore, makes the third section retrospective.

We do not so understand it.

It must be remembered that a statute is to be read without breaks or stops, and it is never clear that words belong to any particular branch of a sentence.   Perteet v. People, 65 Ill. 230, and that such construction ought to be put upon a statute

as may best answer the intention which the makers had in view.   Decker v. Hughes, 68 Ill. 33.

Now if the word *such* in the title refers to the commissioners elected in 1874 and 1875, and is to have a controlling influence in construing the third section, as applying to the treasurer of those commissioners, then the third section is wholly retrospective in its character and of no prospective force whatever, which clearly was not the intention of the Legislature. We think the statute itself clearly explains its title.

It provides for the election of commissioners of highways and fixes the compensation which the treasurer of *such* commissioners shall receive.   So far it supplies all the defects claimed to exist in the act of 1873.

The second section does not purport to supply any omission in the prior act, but simply makes legal such official acts as were otherwise valid under the other provision of the statute.

The words of the third section do not of themselves indicate a legislative intent that the statute should have a retroactive effect, and had the title of the act expressed the legislative intent as clearly as the act itself, there would be no ambiguity whatever; the title would then have read, " An act to provide for the election of commissioners of highways in counties under township organization, and to fix the compensation of the treasurer of such commissioners, and to legalize the election and official acts of such commissioners as were elected in the years 1874 and 1875."   Such, we think, is the correct construction of the title and of the act itself.

It therefore follows that the appellee was not entitled to any commissions from the time of his election to the fifteenth day of April, 1875.   He accepted the office of treasurer, to which the law attached no compensation; he has already received $300 as pay for his services as commissioner for that year. We are unable to see what claim he has against the township of LaSalle.   If he was not satisfied to assume the responsibilities of treasurer without fees, he was under no obligation to do so; he voluntarily accepted the office and must perform its duties for the compensation fixed by the law.   He has received large sums of money collected from the taxpayers of the

township for the special purpose of improving the roads and bridges of the townships; he has no right to retain the same in violation of the law and must account for it, to the end that it can be used for the purposes for which it was raised.

This conclusion renders it unnecessary to determine the point made, that the bonds of the town were not money upon which, in any event, appellee could retain two per cent. For the reasons above stated, the judgment must be reversed and the cause remanded.

Judgment reversed.

LELAND, J., took no part in the decision of this case.