## Thomas Halpin et al. v. Prosperity Loan and Building Association.

1. STATUTES—*Courts Disfavor Giving Them a Retroactive Effect.*— Courts lean strongly against giving to statutes a retroactive effect.

2. SAME—*A Construction Giving a Prospective Operation to be Preferred.*—A construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves, in connection with the subject-matter and the occasion of the enactment.

Halpin v. Prosperity Loan & Building Ass'n.

3. SAME—*Repeals by Implication.*—Repeals of statutes by implication are not favored.

4. SAME—*Legislative Construction.*—The act of June 19, 1893, in regard to building associations, is a legislative construction of the act of June 16, 1891.

**Bill to Foreclose Mortgages.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 30, 1902. Rehearing denied June 17, 1903.

WILLIAM SCHULZE and RICHARD H. TOWNE, attorneys for appellants.

JOHNSON & MORRILL, attorneys for appellee; JAMES S. MURRAY, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree foreclosing two mortgages made by Thomas Halpin to appellee.

The original act providing for the incorporation of loan, homestead and building associations, which went into force July 1, 1879, did not require that as a condition of incorporation the by-laws of the corporation should be submitted by the secretary of state to the attorney-general for a report by him as to whether said by-laws conformed to the requirements of the act, nor make the approval of the attorney-general a condition of the issuing of a certificate of the complete organization of the corporation, by the secretary of state.

That the by-laws should be submitted to and approved by the attorney-general before the issuing of a certificate of complete organization by the secretary of state was first enacted by a statute in force July 1, 1893.

In 1891, by a statute in force July 1, 1891, it was provided that any such association might by its by-laws dispense with the offering of its money for bids in open meeting, and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws, and either with or without premiums, deciding the preference or priority.

of loans by the priority of the application for loans by its
stockholders. In pursuance of the authority given to
appellee by the statute in force July 1, 1891, appellee, at
the fifth annual meeting of its stockholders, held October
6, 1891, amended section 7 of article 11 of its by-laws, by
providing that "All loans shall be made at a premium of
thirty per cent."

In 1893, by a statute in force July 1, 1893, it was pro-
vided that any subsequent amendment or alteration of the
by-laws of building and homestead associations, should be
submitted to the secretary of state and be approved by the
attorney-general, and be recorded in like manner as the
original by-laws, before the same become operative, "and
that only such by-laws as shall have been submitted,
approved and recorded as herein provided, shall be deemed
operative," and that a true copy of all such by-laws and
amendments thereto shall be filed with the auditor of public
accounts.

On the 19th of January, 1892, appellant, Thomas Halpin,
a member of the appellee association, made application to
it for a loan of $1,500, and on the same day such loan was
made to him, and he and his wife, Kate Halpin, on that day
executed to it one of the mortgages foreclosed in the pro-
ceeding now under consideration, which mortgage was duly
recorded January 20, 1892. It further appears that Thomas
Halpin, on the 13th of August, 1894, made application to
appellee for a loan of $300, and such loan having been made
to him, on the same day he executed a mortgage to secure
the same, which mortgage was recorded August 14, 1894,
and it further appeared that on October 10, 1895, said
Thomas and Kate Halpin made and delivered their mort-
gage of that date to secure an indebtedness of $360, which
mortgage was recorded October 21, 1895, and that on Febru-
ary 14, 1901, for the purpose of satisfying the indebtedness
of $360, said Thomas and Katharine Halpin conveyed the
premises mortgaged by the instrument executed October
10, 1895, to Sophia Gieseke, and that she is now the owner
of the mortgaged premises, pledged by mortgage deed dated
October 10, 1895.

Halpin v. Prosperity Loan & Building Ass'n.

It is insisted by appellants that the loans having been by the appellee company made at a premium of thirty per cent, under a by-law created October 6, 1891, were usurious, because made without competitive bidding and under a by-law which had not then been recorded in the office of the secretary of state, nor approved by the attorney-general, and was therefore, as appellant contends, invalid. We are of the opinion that the by-laws created by the unanimous action of the stockholders, October 6, 1891, became by virtue of the statute in force July 1, 1891, a valid and binding regulation for the conduct of the business of appellee in the making of loans.

Up to July 1, 1893, the statute had not required that amendments to by-laws should be recorded in the office of the secretary of state, nor that they should be approved by the attorney-general. Had the legislature in creating the act approved June 16, 1891, providing that any homestead association might by its by-laws dispense with the offering of its money for bids for loans in open meeting, intended to require that such amendment should be filed in the office of the secretary of state, or approved by the attorney-general, such requirement would have been inserted in the statute; and that the legislature of 1893 was of the opinion that the statute of 1891 did not require the recording of such amendment in the office of the secretary of state, is clearly shown by the amendment of the homestead loan association act approved June 19, 1893, in force July 1, 1893, in which it was distinctly enacted that any subsequent amendment or alteration of said by-laws should be submitted to the secretary of state, and be approved by the attorney-general, and be recorded in like manner as the original by-laws, before the same should become operative. The act of June 19, 1893, is a legislative construction of the act approved June 16, 1891, in force July 1, 1891. See Endlich on Statutes, Sec. 527.

It is also objected that upon the taking of testimony before the master, there was received improper evidence, in this, that the secretary of the appellee association was

permitted to testify to the items and to a summary of the account of appellant Thomas Halpin, in respect to such loans, as shown by the books of the company, without the books themselves having been produced. No such objection was made at the taking of such testimony; the objection was merely general. It is not contended that such testimony of the secretary of the association was not in accordance with the books of the company, nor that it was in any respect incorrect, except that appellants object to the basis upon which the account was made by including therein objection to certain fines; as to the fines there was remitted from the sum total found to be due appellee, $100, which is much more than by any process of reasoning can be shown to have been improperly charged against him as fines. Appellants did not request that the books should be produced in order that they might examine the account, nor themselves produce them as they might have done. Appellant Thomas Halpin was a member of the corporation, and the books were records kept in his interest and for his benefit as much as that of any other member.

We do not regard the case of Fritze v. Equitable Building and Loan Society, 186 Ill. 183, as holding that the amendment to the by-laws made October 6, 1891, was invalid because it was not filed in the office of the secretary of state, nor approved by the attorney-general. In that case the subject of such an amendment as was authorized by the statute of 1891 was not under consideration. The act of 1893 has not a retroactive effect.

Courts lean strongly against giving to statutes a retroactive effect.

A construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves, in connection with the subject-matter and the occasion of the enactment. Endlich on Statutes, Sec.

271; Garrett v. Wiggins, 1 Scam. 335; Bruce v. Schuyler, 4 Gilman, 221; In re Tuller, 79 Ill. 99, 107; Town of La Salle v. Blanchard, 1 Ill. App. 635.

Neither are repeals by implication favored. Endlich on Statutes, Sec. 210.

The decree of the Superior Court in foreclosure of the two mortgages executed by Thomas Halpin and wife for loans made by appellee at a fixed premium of thirty per cent, holding such loans not usurious, is affirmed.