## FREDERICK W. TIERNEY

### *v.*

## THE STATE OF ILLINOIS.

*Opinion filed December 31, 1902.*

1. COMMISSION OF CLAIMS—*Law creating commission does not create new liability against State.* The law creating the Commission of Claims does not undertake to create a new liability against the State, but provides a method by which claims against the State may be heard before this Commission and claims rejected or awards made in favor of the claimant. Such Commission shall hear such claims according to its rules and established practice and determine the same according to equity and justice, except as otherwise provided in the laws of this State.

2. STATUTES—*Will usually not be given a retrospective operation.* A statute will not be given a retrospective operation, even though such an operation will not violate the paramount law of the constitution, unless there is a clearly expressed intention that it shall have such an operation.

3. SAME—*When to be construed to have a retrospective operation.* A statute will be construed to have a retrospective operation only when the language is so clear as to admit of no other construction.

The claimant in this case, Frederick W. Tierney, was a member of Company A, 4th Regiment, Illinois National Guard, of Arcola, Illinois, and was with the fourth regiment during its service in the Spanish-American war.

Frederick W. Tierney resided on a farm near Humboldt Station, six miles south of Arcola on the Illinois Central railroad.

On the 10th day of July, A. D. 1900, he received a card from an officer of his company notifying him to report at the armory at Arcola at 9 o'clock on July the 14th, prepared to proceed to Camp Lincoln at Springfield, Illinois, for the annual encampment.

In pursuance of said order the said Frederick W. Tierney, on the morning of the 14th of July, A. D. 1900, went to Humboldt, Illinois, for the purpose of taking a passenger train from Humboldt to Arcola, but just as he arrived at the station the passenger train pulled out

and left him. A freight train was standing on the side-track. He explained to the train men his anxiety to reach Arcola on time, and was permitted, either by the conductor or brakeman, to get into a box car, said freight train not being permitted to carry passengers. When the train arrived at Arcola he found that it was not going to stop, and only slowed up a little for the Vandalia crossing. Seeing that his only chance of getting to the armory on time was to endeavor to get off, and as the engineer was apparently increasing his speed, he attempted to get off.

He looked out of the car and saw a pile of cinders, and thinking it would furnish him a good place to light he jumped from the car out of the side door while the car was in motion. In making the effort to get out he fell and both feet were caught under the car wheels and both feet were badly mashed, so that his left foot had to be amputated below the knee and his right foot near the instep. Claimant is permanently injured and unable to follow his occupation of farming, or to engage in any other occupation whereby he may earn a living for himself where any considerable physical exertion is required. The evidence clearly discloses that the claimant is a sober, honest and industrious young man. But do the facts constitute such a case as will justify this Commission in making an award in favor of claimant.

In this case, as is usually the case, there seems to be a misunderstanding of the powers of this Commission. In complainant's brief, it is frankly admitted that if in the decision of the case we are to be controlled by the stern rules of law, the same as if claimant brought suit against a railroad company in a State court, that the claimant must fail.

But it is argued that the act creating this Commission, and prescribing its powers and duties, confers upon the Commission the power to decide cases in such a manner as would seem to be just and equitable to the Commission, wholly regardless of the established principles of law and equity as administered by the courts.

The uniform holding of the Commission, however, has been different, as shown from the following language taken from the opinion of the Commission in the case of Jacob Schmidt v. The State, decided in 1890.

"The law creating this Commission does not undertake to create a new liability against the State, but provides a method by which claims against the State may be heard before this Commission and claim rejected or award made in favor of the claimant. The statute creating this Commission, after reciting the various classes of claims of which the Commission might have jurisdiction, among which may be said to be included claim of this petitioner, provides: 'and such commission shall hear such claims according to its rules and established practice and determine the same according to equity and justice, except as otherwise provided in the laws of this State and shall file with the records of each claim determined a brief written statement of the reasons of the determination.'

The point has been pressed in argument by counsel for claimant that the Legislature would have the right in a case of this kind, in its discretion, to allow a reasonable sum to persons injured, making an appropriation for its payment although the claim was, strictly speaking, neither a legal or equitable claim, and that the intent of the act creating this Commission, was to transfer to this Commission the same discretionary power that the Legislature would have; or in other words, that the Commission would be justified, although believing the claim was neither an equitable or legal claim against the State, in its discretion to make an award against the State in favor of claimant. To this proposition we cannot assent. It is our understanding that in the use of the language, to determine the same according to the principles of equity and justice, is meant and used with a legal signification, and that this Commission has no power to make an award in any case, unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the Legislature to

leave it discretionary with the Commission to make an award in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State.

"We are of the opinion further, that it would be an exceedingly dangerous precedent, to hold that the Commission had any such discretion. While it is true (and we have endeavored in this case to find some principle upon which we might make an award in favor of this claimant) that his health and usefulness have been practically destroyed, recognizing that it is one of those cases appealing strongly to the sympathy of those who have heard this evidence, or are familiar with the facts in the case, and we can not but believe that if the facts of this case are presented to the Legislature of this State, that some relief will be granted to this unfortunate claimant, yet, at the same time, we feel compelled to hold that we have no power under the facts, to make an award in his favor, and for that reason we reject the claim."

We quote from the opinion in the above case, decided by a former Commission, not because the facts are similar to the case now before the Commission, but for the purpose of showing that the practice of the Commission has not been as contended by counsel for claimant in this case, "to create new and additional liabilities against the State," but simply to provide a method by which legal and equitable claims against the State may be heard and passed upon.

It is practically conceded that there is no common law or statutory liability on the part of the State under the facts in this case, unless section 4 of the Military and Naval Code of Illinois, as amended by laws of 1901, Hurd's R. S. page 1713, Section 68a, creates such liability.

Section 4 of the Military and Naval Code of Illinois, as amended by laws of 1901, which went into effect July 1, 1901, provides that, "In every case where an officer, soldier or seaman of the Illinois National Guard or the Naval Militia of Illinois shall be killed or wounded while

performing his duties as officer, soldier or seaman in pursuance of lawful orders from the Commander in Chief, said officer, soldier or seaman, or his legal heirs, shall have a claim against the State for financial help or assistance, and the State Board of Claims shall act on and adjust the same as the merits of each case may demand."

It is contended by counsel for claimant, that as the constitution only prohibits the passage of *expost facto* laws, and does not apply to retrospective laws which merely affect private rights, and as the language of the statute does not limit it to cases which occur after the passing of the act in question, that it would be held to apply to past as well as future accidents which come within the provisions of said statute.

It is true that the constitution does not prohibit the passing of retrospective laws which are not *expost facto* laws; our Supreme Court has however held that, "a statute will not be given a retrospective operation, even though such an operation will not violate the paramount law of the constitution, unless there is clearly expressed intention that it shall have such an operation."

> *Garret* v. *Wiggins*, 1 Scammon, 335;
> *LaSalle* v. *Blanchard*, 1 Ill. App., 635;
> *Marsh* v. *Chesnut*, 14 Ill., 223.

"It will be construed to have a retrospective operation only when the language is so clear as to admit of no other construction."

> *Robinson* v. *Rowan*, 2 Scam., 499.

"A statute is retrospective in its operation only where it is made so in its terms."

> *Deininger* v. *McConnel*, 41 Ill., 227.

There being nothing in the provisions of section 4 of the statute above referred to indicating an intention to give it a retrospective operation, the Commission are of the opinion that the provisions of section 4, of the Military and Naval Code, above referred to, do not apply to the case now before the Commission, the injury in

this case having occurred several months before said statute went into effect.

In view of the above holdings of our Supreme Court, and the established practice of this Commission, we are compelled to hold that we have no power under the facts in this case to make an award in his favor, and we therefore reject the claim; but we do so without prejudice, reserving to claimant the right to present the matter to the Legislature. And the Commission are of the opinion that while the facts do not justify this Commission in making an award, yet they are sufficient to justify the Legislature in making an appropriation, in favor of claimant, of some amount to assist him as they have repeatedly done in former cases where members of the National Guard were injured while in the discharge of their duty to the State as such member of the National Guard.

The claim is therefore rejected.