Pickering *vs*. Misner *et al*.

WILLIAM W. PICKERING, plaintiff in error, *vs*. FLETCHER MISNER and WILLIAM L. F. JONES, defendants in error.

*Error to Kendall.*

The statute, which allows the parties in trials commenced before justices of the peace to avail themselves of the oath of the adverse parties, is in derogation of the principles of the common law, and must be construed to embrace only such cases as are within both the letter and spirit of its provisions.

If the party to whom the oath is referred declines to be sworn as a witness, or refuses to testify when sworn, the opposite party may then become a witness in his own behalf, and testify in relation to the matter in question.   But if the party first called is sworn, and testifies in good faith, the object of the statute is answered; and the party claiming the benefit of the statutory provision, is not permitted to become a witness for himself.

If a party to the suit is sworn, he is bound to testify fairly and fully, so far as he may be interrogated.   If he manifests a disposition to conceal or withhold the truth, does not give explicit answers, or deprives the party calling him of the benefit of the facts within his knowledge, the Court may hold that he refuses to testify, and allow the other party to become a witness.

In such a case, the bill of exceptions should state this as the reason for permitting the other party to become a witness, or set forth all the facts, so that this Court may determine whether the decision of the Circuit Court was correct.

This was an appeal from a judgment rendered by a justice of the peace, to the Circuit Court of Kendall county.   The cause was heard in the Circuit Court, before Caton, Justice, who rendered a judgment for the present defendants, for $38 78.   The points presented by the assignment of errors, are stated in the

opinion of the Court, which contains all the facts necessary to a full understanding of the case. The defendant below brings the cause to this Court.

S. W. RANDALL, for plaintiff in error.

T. L. DICKEY, for defendants in error.

Opinion by TREAT, C. J.:

This case originated before a justice of the peace, and was taken by appeal to the Circuit Court. On the trial in the latter Court, one of the plaintiffs made oath that he knew of no witness, except the defendant or himself, by whom he could prove that a certain note, made by the defendant to the plaintiffs, was credited to the defendant in a settlement had between them. The defendant was thereupon sworn as a witness, and testified that he did not recollect that the amount of the note was credited to him in the settlement. The Court then, against the objection of the defendant, allowed one of the plaintiffs to be sworn as a witness, who testified that the defendant was credited with the note in the settlement between them. He was also permitted to testify respecting another matter than the one mentioned in the preliminary oath. That decision is assigned for error. The statute provides, that "in all trials before justices of the peace, when either party may not have a witness or other legal testimony, to establish his or her demand, discount or set-off, the party claiming such demand, discount or set-off, may be permitted to prove the same by the testimony of the adverse party; and if such adverse party shall not appear at the time of trial, or shall refuse to be sworn, or to testify, then the party claiming the same shall be permitted to prove his or her demand, discount or set-off, by his or her own oath; *Provided,* that such party claiming the benefit of his own oath, or that of the adverse party, shall first make oath that he has a demand, discount or set-off, in said cause, and that he knows of no witness by whom he can prove the same, except by his own oath or that of the adverse party; *Provided, further,* that no person shall be allowed to prove his demand, discount or set-off, unless the adverse party be present, or shall have been notified thereof; and for which purpose, the justice may continue such cause for such

Pickering *vs.* Misner *et al.*

time as may be necessary." R. S., ch. 59, sec. 39. It further declares that the parties shall have the benefit of the foregoing section, in the trial of appeals in the Circuit Court. R. S., ch. 59, sec. 69. This chapter is in derogation of the principles of the common law, and must be construed to embrace only such cases as are within both the letter and spirit of its provisions. It enables a party making the preliminary oath, to call upon his adversary to testify as a witness respecting the particular matter in issue between them; and in case his adversary declines to be sworn as a witness, or if sworn as such, refuses to give testimony, he may become a witness in his own behalf, and testify in relation to the matter in question. If the adverse party submits to be sworn and testify, the object of the statute is answered, whether the testimony he gives may be beneficial to the other party or not. The party claiming the benefit of the statutory provision is not permitted to become a witness for himself, unless his adversary declines to be sworn, or if sworn, refuses to give testimony as a witness. If, however, the adverse party elects to become a witness, he is bound to testify fairly and fully, so far as he may be interrogated. If he manifests a disposition to conceal or withhold the truth, or intentionally avoids giving direct and explicit answers to the inquiries of the other party, and thereby deprives such party of the benefit of the facts within his knowledge, the Court may properly hold, within the intent of the statute, that he refuses to testify, and allow the other party to become a witness. In such case, the bill of exceptions should state this as the reason for permitting the other party to become a witness, or the whole of the facts should be set forth, so that this Court may determine whether the decision was correct. In the present case, the defendant submitted to be sworn as a witness, and the bill of exceptions does not authorize the conclusion that he refused to state any of the facts within his knowledge relating to the transaction in question. In our opinion, the Court erred in allowing the plaintiff to be introduced as a witness. If properly admitted as a witness, there was error in permitting him to testify about a matter not referred to in the preliminary oath.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*