# ANDREW J. PERTEET

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. STATUTES—*construction.* It is a rule of construction that statutes are to be read without breaks or stops, and it is never clear that words belong to any particular branch of a sentence. It is also a rule that the most natural exposition of a statute is to construe one part by another part of the same statute, and thus, from a view of the whole, discover the meaning; and a statute will be so construed that the whole may stand and effect be given to every part and every word.

2. CHANGE OF VENUE—*in capital case.* The act of 1861, relating to change of venue, expressly excepts from its operation applications for change of venue where the offense charged is punishable with death. In such a case the petitioner is not bound to state the grounds of his belief or knowledge of the prejudice, and the facts which induce a belief of such prejudice; and the people can disprove the facts stated in the petition only

in the class of cases in which the facts are required to be stated. Therefore, in capital cases, there can be no disproof of the petition, and the court has no discretion to refuse the application,

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. J. H. KNOWLTON, and Mr. THOMAS H. MARSH, for the plaintiff in error. '

Mr. CHARLES H. REED, State's Attorney, for the people.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

As this case must be reversed, for the refusal of the court to grant a change of venue, we shall not discuss the other errors assigned, as their determination is not necessary for a second trial. They need not, and may never, again occur.

It was enacted by the legislature in 1827, and such enactment has been in force since, except as changed by the act of 1861, that, when any defendant in any indictment or information in any court in this state, shall fear that he will not receive a fair and impartial trial in the court, on account of the prejudice of the judge, or that the minds of the inhabitants of the county are prejudiced against him, he may apply to the court by petition, verified by affidavit, setting forth the cause of such application; and if reasonable notice has been given, that the court *shall award a change of venue.* No discretion is given, but the statute is mandatory.

In 1861 the chapter of the Revised Statutes of 1845, entitled "Venue," was amended.

The first section provides that a defendant, in any indictment *"for any offense not punishable with death,"* in addition to the causes expressed in the amended law, shall state in his petition, verified by affidavit, the grounds of his belief or knowledge of the prejudice against him, and the facts which induce a belief of such prejudice.

The second section authorizes the court to grant or deny the petition.

The third section makes it lawful for the attorney of the people to deny the facts by counter-affidavits.

The fourth, which is construed as a grant of power for a denial of the application in all cases, at the discretion of the judge, is in these words :

"No court shall grant any change of venue in a criminal cause, where the facts set forth in the petition are disproved by counter-affidavits on the part of the people, nor unless said court shall be satisfied that said petition is true, in substance and fact, and that there is reasonable ground to fear that said defendant can not receive a fair and impartial trial in the court where the same is pending."

It is a rule of construction that statutes are to be read without breaks or stops; and it is never clear that words belong to any particular branch of a sentence. It is also a rule, that the most natural exposition of a statute is, to construe one part by another part of the same statute, and thus, from a view of the whole, discover the meaning.

We will read the statute under consideration, in the light of these rules.

A defendant in any indictment for any offense, except such as is punishable with death, may apply, by petition verified by affidavit, for a change of venue, and in addition to an expression of fear that he will not receive a fair and impartial trial, on account of prejudice against him, shall state the grounds of his belief or knowledge that such prejudice exists, which petition the court shall have power to grant or deny; and the State's attorney may deny the facts averred in the petition, by counter-affidavits; and if the facts set forth in the petition are disproved by counter-affidavits, then the change of venue shall not be granted, nor shall it be granted unless the court is satisfied that the petition is true.

But grant that the fourth section is intricate, obscure or doubtful, then the rule is, that the intent is to be discovered

by a consideration of other parts of the same act. Often the words of one part, which has no ambiguity, will discover the sense of another.

It is a rule of interpretation that one part of an act must be so construed by another, that the whole may stand.

"The good expositor," says Lord COKE, "makes every sentence have its operation; gives effect to every word; will not construe it so that anything shall be vain or superfluous, but so expressed that one part of the act may agree with the other, and all may stand together."

If the fourth section is to be construed as giving a discretion, in all cases, to reject the prayer of the petition, then the exception in the first section is superfluous.

The makers of the law, in plain and unambiguous language, excepted offenses punishable with death from the operation of the first section. It would do violence to every rule of construction, and stultify the legislature, to hold that, having made an exception of a class of offenses, the same class was included in a subsequent section of the same law. The whole law would not then stand together, for the clause making the exception is rendered a nullity. This construction, so violative of all rules of interpretation, so opposed to the intent of the makers, as evidenced by the exception, can easily be avoided by referring the words in the fourth section, "a criminal cause," to the class of offenses manifestly embraced in the first section, and which includes all offenses for which indictments or informations must be presented, except those punishable with death.

The rules of construction have been referred to upon the supposition that the act is involved in doubt and obscurity. When carefully examined and considered, there is none.

The former law was amended as to all indictments for offenses, except indictments in capital cases .

By the second section, if no counter affidavits are presented, the court must hear the petition, and grant or deny it, at discretion.

By the third, the right is given to the people to deny the facts stated in the petition.

By the fourth, the court is prohibited from granting the change "in a criminal cause where the facts set forth in the petition are disproved by counter-affidavits on the part of the people."

The people can disprove the facts stated in the petition only in the class of cases in which facts are required to be stated. They are not required to be set forth in the petition for a change of venue in capital cases, and therefore, in such cases, there can be no disproof. They constitute the exception. The natural and necessary conclusion is, that the words "criminal cause," in the fourth section, have reference to indictments for offenses other than those punishable with death.

In this case the indictment was for murder, and was clearly within the exception contained in the act of 1861. There is no express repealing clause in the last law, as to indictments for murder, and we can not hold that so important a provision, affecting cases where life is involved, is repealed by implication.

The former law had been upon the statute book for thirty-four years at the time of the enactment of 1861; it was in favor of life, and to enable the accused to have a fair and impartial trial in some county where no prejudice, which would prevent, existed against him.

We can not suppose that the legislature intended to deprive him of this right, and, where he is accused of the most heinous crime, and liable to the severest punishment known to the law, to place him entirely at the mercy and the absolute discretion of the court.

It was error to refuse the change of venue, and for this the judgment is reversed and the cause remanded.

*Judgment reversed.*