JULIA ANN CRUSE

*v.*

CAROLINE ADEN, Admx.

*Filed at Mt. Vernon January 26, 1889.*

127   231
41a   654
127   231
152   552
153    36
154   138
154   568

127   231
161   226
127   231
63a   556
63a   664
127   231.
72a   680
127   231
92a  6651

127   231
191  6267
127   231
101a  2578

127   231
210  5360
111a  5215

1. INTOXICATING LIQUORS—*sale or gift thereof—not actionable at common law.* By the common law it is not a tort, for which an action lies, to either sell or give away intoxicating liquors, and such an act, at the common law, is not culpable negligence that will impose a legal liability for damages upon the vendor or donor of such liquor. The right to recover damages for such an act is purely statutory.

2. SAME—*injury to means of support, by sale or gift—right of action, against whom—under the Dram-shop act.* Section 9 of the Dram-shop act does not apply to persons who are not, directly or indirectly, or in any way or to any extent, engaged in the liquor traffic; and the right of action therein given to one injured in her means of support is not intended to be given against one who, in his own house, or elsewhere, gives a glass of intoxicating liquor to a friend as a mere act of courtesy or hospitality, and without any purpose or expectation of pecuniary gain or profit.

3. Under section 13, article 4, of the constitution of 1870, providing that no act shall embrace more than one subject, which shall be expressed in its title, and making void all provisions not so expressed, section 9 of the Dram-shop act, entitled "An act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors," if intended to render a person liable to an action for damages who is not engaged, either directly or indirectly, in selling intoxicating liquors, but who merely gives a drink or two of wine, beer or other liquor to a guest, friend or neighbor, as a mere act of courtesy or hospitality, would be void, as not being expressed in the title. But the matters contained in sections 6, 9 and 13, if limited to those who are in some way connected with the liquor traffic, are appropriate and germane to the subject expressed in the title of the act.

4. In determining the scope of the statute relating to dram-shops, and arriving at the true intent of its several provisions, not only the title of the act should be taken into consideration, but every other part of the same statute should be considered, for the real object and intention of the legislature are to be gathered from an examination and comparison of the context of the whole act, thereby ascertaining its spirit, import and meaning.

5. The Dram-shop act is a statute of a highly penal character, and provides rights of action unknown to the common law, and should therefore receive a strict construction.

6. CONSTRUCTION OF STATUTES—*enlarging or restricting the meaning of words.* In the construction of a statute, the courts are not confined to the literal meaning of the words of the statute, but the intention may be collected from the necessity or object of the act, and its words may be enlarged or restricted according to its true intent.

7. SAME—*the title of an act—as aiding in its construction.* The title of an act, especially when there is a constitutional provision that no act shall embrace more than one subject, and that shall be expressed in its title, and declaring void all provisions therein not so expressed, may very properly be regarded in seeking to ascertain the legislative intention and the real meaning of such act.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Union county; the Hon. OLIVER A. HARKER, Judge, presiding.

On the 4th day of November, 1884, George A. Cruse, husband of appellant, Julia Ann Cruse, was, while intoxicated, thrown from his horse, and received injuries from which he shortly afterward died. Thereupon, said Julia Ann Cruse, his widow, prosecuted this suit in the circuit court of Union county, against Adde Aden, since deceased, and obtained against him judgment for $800 damages. The suit was brought to recover damages for injury to the plaintiff's means of support, and the declaration concluded, "and by force of the statute in such case made and provided, an action has accrued to her against defendant for the recovery of her said damages in the premises, and therefore she brings her suit," etc. Upon the appeal of the said Adde Aden to the Appellate Court for the Fourth District, the judgment of the circuit court was reversed, and the final order and judgment of said Appellate Court found and recited the facts of the case to be as follows:

"Julia Ann Cruse, appellee, and plaintiff below, at the time of the commencement of her suit, was the widow of George A. Cruse, who died intestate; that during his life he furnished means of support to said appellee, and died intestate, leaving

a farm and other property of which he died seized and possessed; that in his lifetime he carried on his farm, and was a strong and able-bodied man, capable of working as a farmer up to the time of his death; that by his death his widow was injured in her means of support; that the proximate cause of the accident which resulted in his death was intoxication, and that two drinks given him by appellant contributed to cause such intoxication; that said two drinks of intoxicating liquor were given to said husband of appellee by appellant as an act of mere courtesy and politeness, and not for any pay, profit, benefit or advantage to appellant, or intended by appellant to gain for him any pay, profit, benefit or advantage, and that appellant and said husband of appellee, at the time said two drinks were so given, were friends and acquaintances, and appellant was not then engaged, directly or indirectly, in the sale or traffic in intoxicating liquors."

Upon application of said Julia Ann Cruse, appellee in the Appellate Court and appellant here, the Appellate Court certified that "the case involves questions of law of such importance, on account of principal and collateral interests, as that it should be passed upon by the Supreme Court," and granted to said Julia Ann Cruse an appeal to this court, which was duly perfected. Said Appellate Court further certified to this court the following grounds for granting said appeal, to-wit:

"*First*—That said Supreme Court may pass upon and decide whether or not, under section 9 of the Dram-shop act of this State, a recovery can be had against a person other than a dram-shop keeper, or person who makes a business of dealing in intoxicating liquors, and whether, under said section 9, all persons, though not engaged in the liquor traffic, can be held liable for selling or giving intoxicating drinks to another, thereby, in whole or in part, causing intoxication and injury, etc.

"*Second*—Whether or not, upon the facts found by this court in its judgment of reversal, a recovery can be had under said section 9, by appellee, against appellant."

Since the pendency of the appeal in the Supreme Court, the death of the said Adde Aden has been suggested, and Caroline Aden, his administratrix, has been substituted as appellee in his place and stead.

Mr. W. S. DAY, for the appellant.

Mr. MONROE C. CRAWFORD, and Mr. H. F. BUSSEY, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

If we rightly apprehend one of the claims made by counsel for appellant in his argument presented to this court, it is this: that it is not the character of the transaction or of the individual that controls the right of action involved in this suit; that such right of action existed before the statute was enacted; that every person is answerable, under the law, for an injury done to another, and that section 9 of the Dram-shop act simply saves all remedies, and even enlarges them, so that it can not be claimed that dram-shop keepers are exempt from damage suits of the character here in question, simply because they are operating under a license from public authority, for which they have paid large sums into the public treasury. This position is not tenable. It was not a tort, at common law, to either sell or give intoxicating liquor to "a strong and able-bodied man," and it can be said safely, that it is not anywhere laid down in the books that such act was ever held, at common law, to be culpable negligence, that would impose legal liability for damages upon the vendor or donor of such liquor. The present suit can in no sense be regarded as an action of tort at common law. *Meidel* v. *Anthis,* 71 Ill. 241.

The cause of action, here, is necessarily purely statutory, and the question whether it is a valid cause of action must depend upon the proper construction of section 9 of the Dram-shop act.

It is admitted by counsel for appellant, that the various sections and provisions of the Dram-shop law, except sections 6 and 9, are directed exclusively against dram-shop keepers, and those engaged, lawfully or otherwise, in the liquor traffic; but it is insisted, in substance, that as the 6th section denounces a penalty against "whoever" "shall sell *or give* intoxicating liquor to any minor," "or to any person intoxicated or who is in the habit of getting intoxicated," and that as the 9th section provides, in express terms, that "every husband, wife, child, parent, guardian, employer, or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling *or giving* intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons," and that as these sections, respectively, use the words "sell or give," and the phrase "by selling or giving," there is no occasion for construing such language,—it needing no construction; and that the plain intention of section 6 is to protect minors, intoxicated persons and habitual drunkards from either sales or gifts of intoxicating liquors,—not on the ground the giver is a dram-shop keeper, but for the protection of the minor, intoxicated person and drunkard, and family, and that section 9 is intended to provide a remedy for those who are injured in person, property or means of support by the conduct of others, be they dram-shop keepers or other persons.

Section 13 of article 4 of the constitution of 1870 provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." In the Revised Statutes of 1874 the title of the act under consideration is "Dram-

Shops," and the title of the act in full is, "An act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors." If the intent and scope of said sections 6 and 9 are as broad as the contention of appellant claims they are, and include the acts of a person who is not engaged, either directly or indirectly, in selling intoxicating liquor, but who merely gives at his private residence, or elsewhere, a drink or two of wine, beer or other liquor to a guest, friend or neighbor, as a mere courtesy or act of politeness, and without any consideration whatever, pecuniary or otherwise, then it would seem such sections would, to the extent they include such acts of such person, be in violation of the constitutional provision we have cited, and void. The matters contained in said sections 6 and 9, and in section 13, even including the provisions in respect to gifts of intoxicating liquors, if limited to those who are in some way connected with the sale of intoxicating liquor, legitimately appertain and are germane to the subject expressed in the title of the act; but in respect to mere gifts of liquor by persons not connected, directly or indirectly, with the liquor traffic or with any sale of liquor, it can not fairly be said such gifts by them are embraced or expressed in such title.

. But we do not think said sections, or either of them, when properly interpreted, are in any respect whatever invalid. The title of an act, and especially where there is a constitutional provision such as we have above mentioned, may very properly be regarded in seeking to ascertain the legislative intention and the real meaning of such act. Both the general title, "Dram-Shops," and the title of the act itself, indicate that the various provisions of the statute are aimed at dram-shops, and at those who are engaged, either lawfully or unlawfully, directly or indirectly, in the liquor traffic. In determining the scope of the statute, and arriving at the true intent of its several provisions, not only should the title of the act be taken into consideration, but every other part of the same statute

should be considered, for the real object and intention of the legislature are to be gathered from an examination and comparison of the context of the whole act, thereby ascertaining its spirit, import and meaning. *People* v. *Canal Comrs.* 3 Scam. 153; *Perteet* v. *People*, 65 Ill. 230; *Biggs* v. *Clapp*, 74 id. 335.

It is admitted, as we have seen, that all the other sections of the statute now in question, except the sixth and ninth, apply exclusively to dram-shops, and those who make a sale or sales of intoxicating liquor. It seems useless, therefore, to analyze and examine said several sections, for the purpose of demonstrating and showing the general scope of the statute. In three, only, of the sections of the act is any notice taken of "gifts" of liquor. The 13th section provides, that "the giving away of intoxicating liquors, or other shift or device to evade the provisions of this act, shall be held to be an unlawful selling." If in this section the words, "the giving away of intoxicating liquors * * * shall be held to be an unlawful selling," are construed as meaning that the mere act of giving away intoxicating liquor by any person is an unlawful selling, then it would not only leave the remaining clause, "or other shift or device to evade the provisions of this act," without significance, but it would render any person who, at his own table at his private residence, gave a glass of wine to a guest as an act of hospitality, liable to the fines and penalties imposed by section 2 of the act, without such person had a license to keep a dram-shop. It is unreasonable to suppose such result was contemplated. Said section 13 does not, in express terms, say that it is applicable only to persons engaged in the liquor traffic; and yet it is plain, from the context, that only such persons are within its purview, and that in respect to them, and them only, a "giving away of intoxicating liquors" is regarded as a "shift or device to evade the provisions" of the act.

It is but reasonable to presume, since there is nothing in the context to rebut such presumption, and it is in conformity with the title and general scope of the act, that the legislature,

in using these words "give" and "giving," in these three sections of the same act, intended they should have one and the same meaning. Since the expression, "the giving away of intoxicating liquors," found in section 13, has reference only to those who are engaged or participate in the liquor traffic, or make a sale or sales of liquor as a matter of business, we may conclude the expression, "sell or give intoxicating liquor," found in section 6, and the expression, "against any person or persons who shall, by selling or giving intoxicating liquors," found in section 9, have a like restricted sense and signification.

This court, some years ago, virtually decided the question here at issue, in respect to the construction to be given the words, "against any person or persons who shall, by selling or giving intoxicating liquors," contained in section 9, by the construction it gave to the words, "whoever shall sell or give intoxicating liquor," contained in section 6. The first mentioned set of words are no broader or more inclusive than the latter, and it is evident that both expressions stand upon the same footing. In *Albrecht* v. *The People,* 78 Ill. 510, it was held that the provisions of section 6 do not apply to a person who, at his private house, and as an act of hospitality, gives a glass of beer to a visitor or friend alleged to be intoxicated, and that such a case was not one contemplated by said section. The decision in the later case of *Johnson* v. *The People,* 83 Ill. 431, did not, as seems to be supposed, overrule the decision in the *Albrecht case.* In the *Johnson case* it was held, that whether a person is or is not the keeper of a dram-shop, he can not *sell* intoxicating liquors to minors without incurring the penalties prescribed by said section 6 of the statute, and further held, that a person employed in making change for parties engaged in unlawfully selling intoxicating liquors to minors may be convicted, on indictment, for selling the liquors, on the ground he aided, abetted and assisted in such sales. In the opinion filed in that case, it was said: "It is not necessary to now determine whether a person would incur the pen-

alty of this section by giving liquors as an act of hospitality at his house, as that question is not before the court." The decisions in the two cases above mentioned were both undoubtedly right, and entirely consistent with each other; but expressions were used in the opinions in each of the cases which were unnecessary, and probably not entirely accurate.

In the construction of a statute, the courts are not confined to the literal meaning of the words in the statute, but the intention may be collected from the necessity or objects of the act, and its words may be enlarged or restricted according to its true intent. (*Castner* v. *Walrod*, 83 Ill. 171.) The Dram-shop act now under consideration is a statute of a highly penal character, and provides rights of action unknown to the common law, and should, according to well understood canons, receive a strict construction. *Taylor* v. *Sprinkle*, Breese, 1, *17; *Pickering* v. *Misner*, 11 Ill. 597; *Freese* v. *Tripp*, 70 id. 496; *Meidel* v. *Anthis*, 71 id. 241; *Albrecht* v. *The People*, 78 id. 510.

A very full and elaborate discussion and comparison of the several sections and provisions of the Dram-shop act, as bearing upon the question of the construction to be given section 9 of said act, will be found in the opinion of the Appellate Court, by GREEN, J., delivered in this cause, and reported in *Aden* v. *Cruse*, 21 Bradw. 401, and it is deemed unnecessary to repeat the reasoning of that opinion.

We concur in the conclusion reached by the Appellate Court, that section 9 of the Dram-shop act does not apply to persons who are not, either directly or indirectly, or in any way or to any extent, engaged in the liquor traffic, and that the right of action given by said section to one injured in her means of support is not intended to be given against a person who, in his own house, or elsewhere, gives a glass of intoxicating liquor to a friend as a mere act of courtesy and politeness, and without any purpose or expectation of pecuniary gain or profit.

The judgment of the Appellate Court was clearly right, and is affirmed.                    *Judgment affirmed.*