**Mary L. MEGGE et al., Plaintiffs-Appellants,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

**No. 15856.**

United States Court of Appeals
Sixth Circuit.

April 14, 1965.

George L. Downing, Detroit, Mich., (Kelman, Loria, Downing & Craig, Detroit, Mich., on the brief), for plaintiffs-appellants.

John W. Douglas, Asst. Atty. Gen., Dept. of Justice, Civil Div., Washington, D. C. (Sherman L. Cohn, Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for defendant-appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This suit was brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b) and 2671–2680. The question pre-

sented is whether a right of action lies under this statute for personal injuries and death resulting from an automobile accident allegedly caused by the negligence of an intoxicated Air Force sergeant who, while already intoxicated, was sold liquor at the bar of a noncommissioned officers' club at the Selfridge Air Force Base in Michigan.

Plaintiffs contend that the United States is liable under the Federal Tort Claims Act because of the provisions of the Michigan dramshop act, which creates a cause of action in favor of a person injured by reason of the unlawful sale of intoxicants to an already intoxicated person. M.S.A. §§ 18.993, 18.1000. The district court sustained the Government's motion to dismiss, and plaintiffs have appealed.

Under the averments of the complaint, a noncommissioned officers' club was operated on the premises of the Air Force Base for the use and entertainment of Air Force personnel and their families and friends, where beer and other intoxicating liquors were sold. It is charged that on July 6, 1961, beer and other intoxicating liquors were sold "negligently, wrongfully and unlawfully" to the sergeant in question, in large quantities, and that such sales were continued after he had become intoxicated. Thereafter, while still in an intoxicated condition, the sergeant drove his 1960 Ford automobile off the Air Force Base onto the public highways of Michigan, crossed the center line of the highway and collided head on with the 1959 Volkswagen in which appellants were riding, proximately causing severe injuries and damages and the death of a minor child. It is not contended that the sergeant was acting in line of duty at the time of the accident.

Under 28 U.S.C. § 1346(b), the jurisdiction of district courts under the Federal Tort Claims Act is limited to "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Under 28 U.S.C. § 2671, "employee of the government" is defined to include members of the military or naval forces of the United States, and with respect to them the term "[a]cting within the scope of his office or employment" is defined to mean "acting in line of duty."

■ There was no cause of action at common law against a person selling or dispensing liquor in favor of those injured because of the intoxication of the person drinking the liquor. It was not a tort at common law to sell or give liquor to an "able-bodied man." State for Use of Joyce v. Hatfield, 197 Md. 249, 254–255, 78 A.2d 754, 756; Demge v. Feierstein, 222 Wis. 199, 268 N.W. 210; Cruse v. Aden, 127 Ill. 231, 20 N.E. 73, 3 L.R.A. 327; 30 Am.Jur., Intoxicating Liquors, § 520, p. 821; 48 C.J.S. Intoxicating Liquors § 430, pp. 716, 717, Annot. 130 A.L.R. 352, 357, 75 A.L.R. 2d 833, 839. In State for Use of Joyce v. Hatfield, supra, the Supreme Court of Maryland said:

> "[T]he common law knows no right of action against a seller of intoxicating liquors, as such, for 'causing' intoxication of the person whose negligent or wilful wrong has caused injury. Human beings, drunk or sober, are responsible for their own torts. The law (apart from statute) recognizes no relation of proximate cause between a sale of liquor and a tort committed by a buyer who has drunk the liquor. * * * No case, English or American, has been cited, and we have found none, in which (apart from statute) a seller of intoxicating liquor has been held liable for a tort of the buyer who drank the liquor." 78 A.2d at 756.

Appellants' cause of action is based upon the Michigan dramshop act which

creates a liability unknown to the common law by providing:

> "Gifts; sales to intoxicated person. Sec. 29. No vendor shall give away any alcoholic liquor of any kind or description at any time in connection with his business except manufacturers for consumption on the premises only. *No vendor shall sell any alcoholic liquor to any person in an intoxicated condition.*" (C.L. '48; § 436.29) (Emphasis added.)  M.S.A. § 18.1000.

The district judge, the Honorable Talbot Smith, who formerly was an Associate Justice of the Supreme Court of Michigan, construed the Michigan dramshop act as inapplicable, saying:

> "The Government has moved to dismiss, relying principally upon the proposition that the United States was not a 'vendor,' since a vendor is defined in the Act (M.S.A., § 18.-972(13)) as 'a person licensed by the commissioner under this act to sell alcoholic liquor.' No such licensing of the agents of the United States under the act has been established and, such being the case, it is argued, and the Court finds, that the act does not apply."

The dramshop act, which is a part of the Michigan liquor control act, requires that as a condition precedent to the approval and granting of any license for the retail sale of intoxicating liquors, the retailer shall post bond conditioned that any such retailer "will not directly or indirectly, by himself, his clerk or agent or servant at any time sell, furnish, give or deliver any alcoholic liquor to a minor except as provided in this act, nor to any adult person whatever who is at the time intoxicated, and that he will pay all damages actual and exemplary that may be adjudged to any person or persons * * * for injuries inflicted upon him or them either in person or property or means of support or otherwise, by reason of his selling, furnishing, giving or delivering any such alcoholic liquor." M.S.A. § 993.

The statute proceeds to provide as follows:

> "Every wife, husband, child, parent, guardian or other person who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid, and in any action provided for in this section, the plaintiff shall have the right to recover actual and exemplary damages in such sum not less than 50 dollars in each case as the court or jury may determine: * * * (C.L. '48; § 436.22.)" M.S.A. § 18.993.

The noncommissed officers' club located on an Air Force Base in Michigan was not required to obtain a license or post bond or otherwise comply with the licensing law of the State of Michigan. The United States was not a "vendor" within the definitions set forth in the Michigan liquor control act and could not be construed to come within the scope of that statute unless Congress has consented to do so by the enactment of the Federal Tort Claims Act. Dalehite v. United States, 346 U.S. 15, 30, 73 S.Ct. 956, 97 L.Ed. 1427. The sale of liquor at the club on the Air Force Base cannot be said to be an unlawful sale.

We hold that the district court has adopted a permissible interpretation of the Michigan statute in ruling that the sales of intoxicants under the facts and circumstances of this case do not come

within the scope of the Michigan liquor control act.

Having made this determination, it is not necessary for this court to pass upon the other issue presented by the Government's brief, i. e. that the Michigan statute imposes absolute liability without proof of negligence and therefore is beyond the scope of the consent to be sued which Congress legislated in enacting the Federal Tort Claims Act.

Affirmed.