No. 2-09-0577    Filed: 6-9-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| JANET BELL, Individually and as Special Administrator of the Estate of Daniel Bell, Deceased, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08--L--836 |
| JEFFREY HUTSELL and SARA HUTSELL, | ) ) | Honorable David M. Hall, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Plaintiff, Janet Bell, appeals from an order of the circuit court of Lake County dismissing her second amended complaint with prejudice. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

BACKGROUND

This lawsuit arises out of an automobile accident that occurred on October 13, 2006, in Deerfield, Illinois, when Daniel Bell (Daniel), age 18, crashed into a tree, killing himself and a passenger, Ross Trace. Daniel had been drinking at a party at defendants' home that evening.

On March 31, 2009, plaintiff filed a second amended complaint, which for ease of description we will refer to as the complaint. According to the allegations of the complaint, defendants' son Jonathan, an 18-year-old high school student, had a party at the family's residence on the evening of

October 13, 2006. The party was attended by numerous high school friends of Jonathan's who were under the legal drinking age, including Daniel. Before the party, defendant Jeffrey told Jonathan that no alcoholic beverages would be allowed at the party and that Jeffrey and Jonathan's mother, defendant Sara, would be present to check on the partygoers. Jeffrey told Jonathan that they would monitor and inspect the activities in the lower level of the house, the garage, and the driveway to ensure that no one consumed alcoholic beverages anywhere inside the residence or on the property. Nevertheless, throughout the evening, defendants were present when the partygoers consumed alcohol, including beer, vodka, and rum, which was brought into the residence by the partygoers. Defendants did not furnish the alcohol, having stocked the bar area in the lower level of the house with soft drinks. At approximately 11:30 p.m., Daniel, who was impaired by alcohol he consumed at the party, drove his car with Ross Trace[1] and others as passengers and struck a tree. Daniel died as a result of injuries he sustained in the accident.

Counts I, II, and III of the complaint alleged that defendants voluntarily undertook the duty to monitor the party guests who were under the age of 21 and to inspect the inside and outside of the property to ensure that the partygoers would not consume any alcoholic beverages and that they were negligent in failing to carry out their intention to prohibit the consumption of alcoholic beverages. Counts IV, V, and VI attempted to state a civil cause of action based upon a violation of section 6--16(a--1) of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6--16(a--1) (West 2006)), which is a criminal statute making it unlawful for any parent to permit his or her residence to be used by an invitee of the parent's child, if the invitee is under the age of 21, in a manner that constitutes a

---

[1]A lawsuit arising out of Ross Trace's death in the accident was filed and is pending before a different judge in the circuit court of Lake County.

violation of section 6--16(a--1). A violation takes place if the parent knowingly authorizes, enables, or permits such use to occur by failing to control access either to the residence or to the alcoholic liquor maintained in the residence. 235 ILCS 5/6--16(a--1) (West 2006). A person is guilty of a Class A misdemeanor where he or she knowingly permits a gathering at a residence that he or she occupies of two or more persons who are under 21 years of age and the person occupying the residence knows that any such person under the age of 21 is in possession of or is consuming any alcoholic beverage not otherwise permitted and the person occupying the residence knows that the person under the age of 21 leaves the residence while intoxicated. 235 ILCS 5/6--16(c)(1), (c)(2), (c)(3) (West 2006). Counts VII, VIII, and IX sought recovery under the Drug or Alcohol Impaired Minor Responsibility Act (740 ILCS 58/1 et seq. (West 2006)), which provides, inter alia, that any person at least 18 years of age who willfully supplies alcoholic liquor to a person under 18 years of age and causes the impairment of such person is liable for death or injury to persons or property caused by the impairment of such person.

Defendants moved to dismiss the complaint pursuant to section 2--615 of the Code of Civil Procedure (Code) (735 ILCS 5/2--615 (West 2006)). Defendants moved to dismiss counts I, II, and III, the voluntary-undertaking counts, on the basis that defendants owed Daniel no duty because there is no social host liability in Illinois and the voluntary-undertaking theory was simply a way of trying to circumvent the rule against social host liability. Defendants moved to dismiss counts IV, V, and VI on the ground that the criminal statute does not furnish a private right of action, and they moved to dismiss the remaining counts on the basis that the Drug or Alcohol Impaired Minor Responsibility Act does not apply since Daniel was not under the age of 18 years. On May 26, 2009, the trial court granted the motion to dismiss with prejudice, and plaintiff filed a timely appeal.

DISCUSSION

Plaintiff appeals from that part of the order dismissing counts I through VI. Plaintiff does not appeal from the dismissal of the counts relating to the Drug or Alcohol Impaired Minor Responsibility Act. A motion to dismiss pursuant to section 2--615 attacks the legal sufficiency of the complaint, and on review of the dismissal the court must determine whether the allegations of the complaint, when taken in the light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted. DOD Technologies v. Mesirow Insurance Services, Inc., 381 Ill. App. 3d 1042, 1045-46 (2008). We take all well-pleaded facts as true. DOD Technologies, 381 Ill. App. 3d at 1046. We review a dismissal pursuant to section 2--615 de novo. DOD Technologies, 381 Ill. App. 3d at 1046.

Voluntary Undertaking

Plaintiff alleged that defendants were negligent in performing the duty they voluntarily undertook to inspect and monitor the partygoers to ensure that no underage party guest would drink alcoholic beverages in their residence or on their property. To state a claim for negligence, a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty. Kirwan v. Lincolnshire-Riverwoods Fire Protection District, 349 Ill. App. 3d 150, 155 (2004). Under the voluntary-undertaking theory of liability, one who gratuitously or for consideration renders services to another is subject to liability for bodily harm caused to the other by one's failure to exercise due care. Frye v. Medicare-Glaser Corp., 153 Ill. 2d 26, 32 (1992). In Frye, our supreme court explained the elements of a voluntary undertaking by citing section 323 of the Restatement (Second) of Torts, as follows:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking."

Restatement (Second) of Torts §323 (1965).

In our case, plaintiff contends that she pleaded that defendants voluntarily undertook a duty[2] to Daniel when Jeffrey told their son, Jonathan, that no drinking of alcoholic beverages would be allowed at the party and that Jeffrey and Sara would be present to check on those coming to the party and would monitor and inspect the partygoers to ensure that no drinking occurred. Plaintiff alleged that, in furtherance of this undertaking, defendants were present in the house during the party and they walked through the areas where the partygoers were gathered "to ensure that no one was drinking alcohol anywhere inside or outside their residence on their property."

Defendants contend that the complaint fails to state a duty because there is no social host liability in Illinois and the voluntary-undertaking theory is an attempt to circumvent the rule against social host liability. A social host is a noncommercial supplier of liquor, one who, "in his own house or elsewhere, gives a glass of intoxicating liquor to a friend as a mere act of courtesy and politeness." Cruse v. Aden, 127 Ill. 231, 239 (1889).

_____

[2]For purposes of our discussion, without actually deciding, we assume the complaint pleads a voluntary undertaking.

"It was not a tort, at common law, either to sell or give intoxicating liquor to a 'strong and able-bodied man.' " Cruse, 127 Ill. at 234. After the Civil War, the temperance movement's agitation against intoxicating liquors culminated in the passage in 1872 of Illinois's first dramshop act, imposing liability against tavern owners and operators. Cunningham v. Brown, 22 Ill. 2d 23, 27-28 (1961). In Cunningham, our supreme court refused to recognize a concomitant common-law cause of action and held that the Act [(235 ILCS 5/6--21 (West 2006))] provided the only remedy against tavern owners and operators for injuries to persons or property by intoxicated persons or in consequence of intoxication. Cunningham, 22 Ill. 2d at 30-31.

In Charles v. Seigfried, 165 Ill. 2d 482 (1995), our supreme court was asked to recognize a cause of action against social hosts for serving alcoholic beverages to minors who were subsequently injured. The court declined and stated:

"For over one century, this court has spoken with a single voice to the effect that no social host liability exists in Illinois. *** [I]t has been, and continues to be, well-established law that Illinois has no common law cause of action for injuries arising out of the sale or gift of alcoholic beverages; that the legislature has preempted the field of alcohol-related liability; and that any change in the law governing alcohol-related liability should be made by the General Assembly, or not at all." Charles, 165 Ill. 2d at 486.

The court in Charles was clear that legislative preemption in the field of alcohol-related liability "extends to social hosts who provide alcoholic beverages to another person, whether that person be an adult, an underage person, or a minor." Charles, 165 Ill. 2d at 491. Consequently, "few rules of law are as clear as that no liability for the sale or gift of alcoholic beverages exists in Illinois outside

of the *** Act." Charles, 165 Ill. 2d at 490. To date, the legislature has failed to provide for liability in the social host context with a few narrow exceptions not relevant here.

Defendants in our case urge that Charles prohibits recognition of plaintiff's voluntary-undertaking cause of action, and plaintiff contends that our supreme court in Wakulich v. Mraz, 203 Ill. 2d 223 (2003), allowed a similar voluntary-undertaking theory to survive dismissal. In Wakulich, the plaintiff's 16-year-old daughter, Elizabeth, was at the defendants' home where she was induced by the defendants' goading and social pressure to consume a quart bottle of Goldschlager, after which she lost consciousness. Wakulich, 203 Ill. 2d at 226-27. The defendants then placed Elizabeth in the family room of their home, removed her vomit-stained blouse, and put a pillow under her head to prevent aspiration. Wakulich, 203 Ill. 2d at 207. The defendants refused to drive her home, did not seek medical attention for her, prevented other individuals from seeking medical attention for her, and eventually removed her from their home, whereupon Elizabeth died. Wakulich, 203 Ill. 2d at 227. Our supreme court upheld the trial court's section 2--615 dismissal of the counts of the plaintiff's complaint that alleged that the defendants were negligent in providing an alcoholic beverage to Elizabeth and in inducing her to consume a dangerous amount, based on Charles's holding that Illinois does not recognize a cause of action for social host liability. Wakulich, 203 Ill. 2d at 227. The court stated that "plaintiff has not provided any principled basis for this court to revisit its decision in Charles and depart from the doctrine of stare decisis." Wakulich, 203 Ill. 2d at 237.

However, the court held that the counts of the complaint that alleged a voluntary undertaking should not have been dismissed. The court rejected the defendants' argument that the voluntary-undertaking theory was an attempt to circumvent the rule against social host liability, because the defendants' liability was not contingent on their status as social hosts. Wakulich, 203 Ill. 2d at 241-

42. "Indeed, it is irrelevant for purposes of plaintiff's voluntary undertaking counts whether defendants were acting as social hosts *** and supplied the alcohol which Elizabeth consumed." Wakulich, 203 Ill. 2d at 242. The court stated that the defendants' liability arose by virtue of their voluntary assumption of a duty to care for Elizabeth after she became unconscious, "irrespective of the circumstances leading up to that point." Wakulich, 203 Ill. 2d at 242.

Defendants in our case assert that, unlike the facts in Wakulich, which lent themselves to separating the actions related to the administering of alcohol from those related to the voluntary undertaking to keep Elizabeth from aspirating, the allegations of the instant complaint all relate to the prevention of the consumption of alcohol and, thus, fall within the rule in Charles. Defendants argue that whereas the defendants in Wakulich voluntarily undertook Elizabeth's care once she became unconscious after consuming alcohol, defendants here are alleged to have undertaken to prevent the consumption itself.

We reject defendants' argument that the voluntary undertaking alleged in the instant case cannot be separated from defendant's actions as social hosts, because defendants were not social hosts. They did not supply the alcohol that Daniel consumed to the point of impairment. They stocked the lower bar area with soft drinks, and the alcohol that was brought onto the premises was supplied by the invited partygoers. That defendants may have negligently failed to prevent the consumption of alcohol on the premises does not convert them into social hosts. Therefore, the question presented in Wakulich, whether the voluntary-undertaking theory was a way of circumventing the rule against social host liability, is not present in our case.

Defendants contend that because plaintiff's allegations are "alcohol related," they fall within the Charles prohibition of a cause of action. Defendants argue that it is illogical to make parents who

attempt to ensure that underage guests do not drink at home more liable than parents who actually furnish alcohol. This argument ignores that the first set of parents would have no liability either except for the fact that they voluntarily assume a duty. Defendants are really contending that Charles prohibits the assumption of any duty that relates to alcohol.

In our view, what our supreme court held in social host liability cases is that the legislature has preempted the field of alcohol-related liability as it relates to the furnishing or providing of alcoholic beverages. The 1872 dramshop act, in which the legislature undertook to regulate the liquor trade, created a cause of action in favor of any person injured by an intoxicated person and "against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part." (Emphasis omitted.) Cruse, 127 Ill. at 235. The dramshop act itself filled a void in the common law, under which there was no liability for one "to either sell or give" intoxicating liquor to a strong, able-bodied man. Cruse, 127 Ill. at 234. In Charles, our supreme court declared that it has frequently reiterated the rule that a dramshop cause of action is sui generis and exclusive and that, as a result, there is no liability for the sale or gift of alcoholic beverages outside of the Act. Charles, 165 Ill. 2d at 489-90.

In Hopkins v. Powers, 113 Ill. 2d 206 (1986), the court refused to recognize a right of contribution on the part of a tavern operator whose liability was as a dramshop (recovery under the Act is limited to innocent third persons who are injured as a result of the sale or gift of alcoholic beverages). In Graham v. General U.S. Grant Post No. 2665, V.F.W., 43 Ill. 2d 1 (1969), the court reaffirmed Cunningham (there is no common-law liability for the selling of alcoholic beverages to an intoxicated person). In Knierim v. Izzo, 22 Ill. 2d 73 (1961), the court rejected various tort theories

brought against tavern owners and operators arising out of the sale, gift, or delivery of alcoholic beverages.

Defendants in our case argue that Illinois courts have consistently refused to impose liability in cases even where the defendant did not actually serve or provide the liquor. However, the cases defendants cite do not bear out this statement. In Miller v. Moran, 96 Ill. App. 3d 596 (1981), the plaintiff brought suit arising out of the negligent service or supervision of the service of intoxicating liquors, alleging that the defendants served or supervised the service of intoxicating liquors to an already inebriated person; in Coulter v. Swearingen, 113 Ill. App. 3d 650 (1983), the plaintiffs' suit alleged the giving of liquor to a minor by another minor and the negligent storing of the liquor by the minor's parents so as to make the liquor accessible; in Heldt v. Brei, 118 Ill. App. 3d 798, 801 (1983), one of the defendants sold alcoholic liquor to partygoers, and the complaint charged another defendant with continuing to give the tortfeasor alcohol even after he became intoxicated ("Illinois has never recognized a common law cause of action in negligence for either selling or giving intoxicating liquor to an ordinary person") (emphasis added); in Zamiar v. Linderman, 132 Ill. App. 3d 886 (1985), the complaint alleged that the defendants willfully and wantonly permitted and allowed the plaintiff to consume alcohol in their home and become intoxicated and willfully and wantonly failed to properly supervise the plaintiff (who tripped on a rug and was injured) after allowing and assisting him to consume alcoholic beverages (court refused to recognize a common-law action against social hosts who willfully and wantonly assist, permit, and allow minor guests to become intoxicated); and in Robertson v. Okraj, 250 Ill. App. 3d 848 (1993), the complaint alleged that in their home the defendants provided the plaintiff's decedent with alcoholic beverages, which the decedent consumed to the point of intoxication and unconsciousness, causing him to aspirate his

gastric contents and die. In <u>Richardson v. Ansco, Inc.</u>, 75 Ill. App. 3d 731 (1979), the Third District declined to recognize a common-law negligence cause of action against an employer who allowed an employee to become intoxicated at work although the employer knew the employee would be driving home. In the above cases, the defendants were alleged to have served the alcohol or permitted it to be served, unlike the case at bar where defendants were alleged to have undertaken a duty to prevent the consumption of alcoholic liquor.

In addition to the above, defendants rely on <u>Flory v. Weaver</u>, 196 Ill. App. 3d 149 (1990). In <u>Flory</u>, the third-party complaint alleged that the third-party defendant, Ledwon, hosted an after-graduation party at which she furnished alcoholic beverages to minors and permitted two boys to drink to excess and leave the premises against her rules, which led to the shooting death of one of the boys. <u>Flory</u>, 196 Ill. App. 3d at 150. The appellate court affirmed the trial court's dismissal of the third-party complaint on the basis that Ledwon was a social host and there is no social host liability in Illinois. <u>Flory</u>, 196 Ill. App. 3d at 152. The appellate court rejected the third-party plaintiff's argument that Ledwon had voluntarily assumed a duty to keep those consuming alcohol at her residence and negligently performed the duty to enforce the rule, because (1) Ledwon was vested with no legal authority to prevent the boys from leaving, and (2) Ledwon was a social host and the voluntary-undertaking theory was a means of circumventing the rule against social host liability. <u>Flory</u>, 196 Ill. App. 3d at 152. <u>Flory</u> is distinguishable from our case. Here, defendants were not legally prevented from undertaking the duty to stop underage persons from bringing in or consuming alcohol at their home; nor were they the suppliers of the alcohol.

The instant complaint alleged something different from the direct or indirect giving, selling, or delivery of alcohol. It alleged that defendants voluntarily undertook the duty to prevent the

consumption of alcohol on their premises and that they negligently performed that duty. Because defendants did not supply the alcohol, store the alcohol, or affirmatively permit its consumption, they were not social hosts. Defendants repeat the rationale for the rule against social host liability, that it is "the drinking of the intoxicant, not the furnishing of it, [that] is the proximate cause of the intoxication and the resulting injury." Charles, 165 Ill. 2d at 486. Defendants did not furnish the alcohol, and we offer no opinion on whether the complaint adequately pleaded all of the elements of a voluntary undertaking. Accordingly, the trial court erred in dismissing counts I, II, and III of the complaint.

Private Right of Action Under Section 6--16(a--1) of the Liquor Control Act

Plaintiff contends that the trial court erred in dismissing counts IV, V, and VI of the complaint, which she asserts stated a private cause of action under section 6--16(a--1) of the Act. The complaint set forth the provision of section 6--16(a--1), as follows:

"It is unlawful for any parent or guardian to permit his or her residence to be used by an invitee of the parent's child or the guardian's ward, if the invitee is under the age of 21, in a manner that constitutes a violation of this Section. A parent or guardian is deemed to have permitted his or her residence to be used in violation of this Section if he or she knowingly authorizes, enables, or permits such use to occur by failing to control access to either the residence or the alcoholic liquor maintained in the residence ***."

Plaintiff alleged that defendants violated the statute when they "knowingly authorized, enabled and permitted their son Jonathan's underage guests to unlawfully possess, distribute to other underage guests and consume alcoholic beverages" by failing to control access to their residence and failing to control the alcoholic beverages brought into the residence and maintained there by the underage

guests. Plaintiff further alleged that, as a proximate result of defendants' statutory violation, Daniel sustained serious injuries that resulted in his death.

Plaintiff predicates her private right of action on the above-quoted portion of the statute and also on section 6--16(a)(iii), which provides that no person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give, or deliver such liquor to another person under the age of 21 years except in the performance of a religious ceremony or service (see 235 ILCS 5/6--16(a)(iii) (West 2006)). Plaintiff argues that under People v. Christopherson, 231 Ill. 2d 449 (2008), it was unlawful for the minors at the party to give other minors alcohol, and it was unlawful for defendants to allow their residence to be used in a manner that violated the Act. Plaintiff maintains that allowing a private right of action is consistent with the legislature's purpose in enacting section 6--16(a--1), which was to keep alcohol out of the hands of underage persons. Plaintiff contends that this case is indistinguishable from Bybee v. O'Hagen, 243 Ill. App. 3d 49 (1993), which allowed a private right of action for violation of a statute regulating residential smoke detectors, and Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity, 155 Ill. App. 3d 231 (1987), which allowed a private right of action for violation of a statute against hazing. Defendants contend that there can be no private right of action under our facts because the legislature has preempted the field of alcohol liability as stated in Wakulich and Charles.

In Charles, our supreme court declined to create a civil cause of action where the social host violated section 6--16(c) of the Act, which provided that it is a petty offense for any person to knowingly permit a gathering of two or more persons at a residence that he or she occupies when he or she knows that one of the persons is under age 18 and is in possession of alcohol or is consuming alcohol or knows that the person under age 18 leaves the residence in an intoxicated condition.

Charles, 165 Ill. 2d at 485-86.  The court stated that, given the legislature's refusal to impose social host liability upon adults who provide alcoholic beverages to underage persons, the court would not graft social host liability onto a criminal statute.  Charles, 165 Ill. 2d at 486.  In Wakulich, the court observed that, with exceptions contained in the Act making two groups of defendants civilly liable for alcohol-related injuries, the legislature has chosen to treat the possession and consumption of alcohol by underage persons as a criminal matter.  Wakulich, 203 Ill. 2d at 236.  We are bound to follow Charles and Wakulich.

Although we held that the allegations of counts I, II, and III of the complaint did not encompass social host liability, the same is not true for the allegations of counts IV, V, and VI, which attempted to plead a cause of action specifically based upon the giving or furnishing of alcohol with the permission and knowledge of defendants.  Plaintiff alleged that defendants knowingly authorized, enabled, and permitted the underage partygoers to distribute alcoholic beverages to one another.  These allegations bring counts IV, V, and VI squarely within the field that the legislature has preempted.  Quinn is inapposite, as it involved a fraternity that required its pledges to drink to intoxication in order to become members, and the fraternity's conduct violated a hazing statute.  Quinn is limited to its facts, and its continued viability was questioned by Wakulich.  Wakulich, 203 Ill. 2d at 240.  Accordingly, we conclude that the trial court did not err in dismissing with prejudice counts IV, V, and VI.

CONCLUSION

For the foregoing reasons, we affirm the dismissal of counts IV, V, and VI of the second amended complaint, reverse the dismissal of counts I, II, and III, and remand this cause to the circuit court of Lake County for further proceedings.

Affirmed in part and reversed in part; cause remanded.

HUTCHINSON and HUDSON, JJ., concur.