## CAMERON AND ANOTHER V. VANDERGRIFF.

Decided June 14, 1890.

1. *Charge to jury—Weight of evidence.*

   The court is prohibited from charging the jury upon the weight of evidence.

2. *Evidence—Burden of proof in civil case.*

   It is error to instruct the jury that the plaintiff is required to prove his case "to a moral certainty to the exclusion of reasonable doubt."

3. *Negligence—Blasting rock—Failure to give notice.*

   One who is engaged in blasting rock will be liable for an injury caused by his failure to give timely notice of a blast to one whose safety he has reason to believe will thereby be endangered.

4. *Negligence—Venue of action.*

   In an action for an injury to a bystander caused by blasting rock without warning, the cause of action accrues in this State if the injury occurred here, although the rock was set in motion in the Indian Territory.

5. *Personal injury—Elements of damages.*

   In an action for damages for a personal injury, an instruction is erroneous which excludes the element of impaired physical ability or of pain and suffering unavoidably incurred, if the injury was increased through lack of proper care and medical attention.

APPEAL from *Sebastian* Circuit Court.

J. S. LITTLE, Judge.

Appellants' rejected prayers for instructions, referred to in the opinion, are as follows:

2. "They are further instructed that if they find that such warning was given by defendants, or their agents, and that plaintiff by ordinary care and diligence could have acted upon such warning and notice, and failed to do so, or attempted to act upon it in a tardy, careless or indifferent manner, then he could not claim negligence on the part of the defendants in this case; and that if there be affirmative evidence that a warning was given that a blast was about to be made, and there is also negative evidence that plaintiff and others did not hear such warning, in such case the affirmative evidence of such fact should overcome the negative, and they should find for the defendants."

3. "If the jury find that the evidence points just as strongly to negligence on the part of one party as to its absence, or points in neither direction, a recovery can not be had by the plaintiff; something more must be shown than a probability; there must be some element of moral certainty to exclusion of reasonable doubt."

5. "If the plaintiff was in the employ of sub-contractors, and not in the employ of defendants, it would be the duty of the plaintiff's employers to warn him of the danger arising from the blasting, and it was their duty to take the necessary precaution to protect their employes, and if said employers failed so to do, defendants can not be held responsible in this action."

6. "If the jury find from the evidence that the blast, from which the plaintiff received the injury complained of, was situate in the Choctaw Nation, Indian Territory, then this court has no jurisdiction to try this case, although the

injury was received in this county and State from a flying rock from said blast.''

7.   ''And if the jury find that the plaintiff did, on the account of the negligence of the defendants, without negligence on the part of plaintiff, receive a flying rock or missile from their blast, thereby breaking his leg; but that, after said injury, the said plaintiff refused or failed to take proper care of said limb by inattention or ignorance or for want of proper medical attention, and that, in consequence of said negligence, inattention or want of proper care, said limb has become greatly injured, but which under proper care could have been, or can now be, saved and rendered as strong and useful as before the breaking of said leg, then the measure of damages in this case would be the loss of time from his business or employment, during plaintiff's illness, and expenses incurred for medical services.''

*Clayton, Brizzolara & Forrester* for appellants.

1.   The appellee was upon the premises of appellants, and there is a difference in the liability had the injury been *upon* or *off* their premises.   See 53 Ind., 337; 2 N. Y., 159, 163; 37 N. Y., 637.   Appellee could have protected himself by taking refuge behind a tree, and he was culpably negligent.   6 Bosw., 15.

2.   If an injury result from mutual or concurring negligence, no action will lie because there can be no apportionment of damages.   71 Pa. St., 439; 24 Pa. St., 469; 42 Pa. St., 493.   The appellee should fail to recover, unless the testimony shows he was free from negligence, without which the injury would not have happened.   24 N. Y., 431; 20 N. Y., 73; 16 Vt., 230; 31 Md., 357; 30 Wis., 675; 5 Kan., 423; 29 Md., 420.

Where there is evidence of contributory negligence, an absolute instruction that the plaintiff is entitled to recover if the defendant was guilty of negligence, is error, though other

instructions submit the question of contributory negligence. 11 Bradw. (Ill. App.), 180; 5 Bradw. (Ill. App.), 201.

3. If appellee was a fellow-servant, appellants are not liable. 51 Ark., 469. See also Cooley, Torts, p. 546; 2 Thomps., Neg., p. 945. If not a fellow-servant, having gone into employment at a time when blasting was being conducted by appellants, knowing the hazard attending his employment in proximity to the blasting, he must look to his employers for any injuries sustained. 40 Wis., 589; L. R., part 10 (Oct. 1876), *Rourke v. W. M. Col. Co.*

4. As to the effect of negative evidence as to signals being given against affirmative evidence to the same fact, see 60 N. Y., 137. The jury should have been informed as to the weight and character of the testimony from which they might deduce a fact upon which to base their verdict. Thomps., Neg., par. 10, and cases cited; 60 N. Y., 133; 67 Barb., 562; 14 Hun, 484; 27 Hun, 327; 88 N. Y., 667; 30 N. J., L., 194-5.

5. If through the negligence of A., B. suffers an injury without his own fault, A. is answerable for it; but he is not answerable for any aggravation of the injury produced by the subsequent negligence of B. 11 Gray, 143; 2 Thomps. on Neg., p. 1126, sec. 13, and cases cited.

*R. T. Kerr* and *Duval & Cravens* for appellee.

1. Any defects in instructions given for appellee are amply cured by other instructions given by the court. 37 Ark., 238; 48 Ark., 407.

2. The third instruction properly refused. It is a novel proposition to require, in civil suits, "exclusion of reasonable doubt."

3. There is no question of master and servant in this case, except that the master is liable for an injury suffered through the negligence of an employe acting within the scope of his employment. It is true, a servant accepts the

ordinary hazards and risks incident to his occupation. Deering, Neg., sec. 196. But this assumption pertains only to employer and employe, and is only invoked for the benefit of the master. 40 Wis., 589; 9 Col., 544; 13 Pac. Rep., 696-8. See also 2 N. Y., 159; Thomps. on Neg., 72; Thomps., on Neg., 113, sec. 13.

4. The question of warning should have been submitted to the jury without instructions as to weight or credibility of testimony. 45 Ark., 494. As to the weight accorded affirmative as against negative testimony, see 60 N. Y., 133; 88 N. Y., 668; 34 Mich., 523; 15 N. W. Rep., 65; Thomps. on Trials, secs. 391, 2341.

5. As to measure of damages, see 37 Ark., 519; 41 Ark., 300; 48 Ark., 406. The question of damages was fairly submitted in the sixth instruction. 46 Ark., 206; 32 Iowa, 329; 7 Am. Rep., 200; 40 Iowa, 638; 51 Me., 439.

Persons employing so dangerous a material are held to *extraordinary* care and diligence. 53 Ind., 337. See also as to duty of appellee to adopt measures of precaution, etc. 15 N. W. Rep., 423.

HEMINGWAY, J. The appellee recovered a judgment against the appellants for damages on account of personal injuries to him, occasioned by the alleged negligence of appellants while engaged in blasting rock near where the appellee was at work.

It is contended that the appellants were not liable to the appellee, because he was upon their premises, and they owed no duty to him in the performance of their work. If it were conceded that their contention as to the law was right, the facts would not justify its application in this case. All the parties were, at the time of the accident, on the premises of a third person lawfully engaged in the construction of a railway track. If by reason of employment it was the premises of either, it was the premises of each.

The charge as given by the court fairly submitted the cause to the jury upon the two material issues—the negligence of appellants and contributory negligence of appellee.

The appellants' rejected prayers should not have been given.

**1. Charge to jury—Weight of evidence.** By their second they requested the court to charge the jury upon the weight of the evidence, which it is by the constitution prohibited from doing. Constitution, sec. 23, art. 7; *Keith v. State*, 49 Ark., 439.

**2. Burden of proof.** Their third prayer requested the court to charge the jury that the appellee was required to prove the negligence of appellants "to a moral certainty to the exclusion of reasonable doubt." This does not correctly state the rule of evidence, which required only that negligence be proved by a preponderance of the evidence.

**3. Negligence—Blasting rock—Failure to give notice.** The negligence of appellee's employers in failing to notify him that a blast would be fired did not excuse the negligence of appellants in firing the blast which they had reason to believe would endanger his safety, without giving such timely notice thereof as would enable him to escape the danger. They knew his situation and that the blasting endangered his safety. They should have used reasonable care and caution to prevent injury to him. *Bizzell v. Booker*, 16 Ark., 308.

**4. Venue of action.** The rock which occasioned the injury was put in motion by the appellants in the Indian Territory; but by the same force its motion was continued and the injury done in this State. The cause of action arose here.

**5. Elements of damages.** The seventh prayer excluded from the computation of damages all elements of impaired physical ability and of pain and suffering unavoidably incurred, if it should be found that the injury was increased for want of proper care and medical attention on the part of appellee. Such is not the law, and the court properly refused to so charge.

There was no error of law in the trial, and the verdict of the jury determines the issues of fact against appellants.

Affirmed.