**Mary Eldridge, Appellant, v. Don Beachcomber, Inc., Trading as Beachcomber's Restaurant, Appellee.**

**Gen. No. 45,207.**

Opinion filed December 4, 1950. Released for publication December 19, 1950.

MAURICE R. MARCHELLO and FAY WARREN JOHNSON, both of Chicago, for appellant.

HEINEKE & CONKLIN, of Chicago, for appellee; WILLIAM H. SCHRADER, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff alleges that defendant sold or gave intoxicating liquor to one Guy W. Slaughter in Chicago, Illinois, on May 27, 1949, which intoxicating liquor wholly or in part caused said Slaughter to become intoxicated; that plaintiff was injured while a passenger in an automobile driven by said Slaughter when, as a result of the intoxication aforesaid and while plaintiff was in the exercise of due care and caution for her own safety, Slaughter drove his automobile into the side of a truck in the City of Hammond, Indiana. Defendant made a motion to dismiss the complaint on the ground that the liability charged arises by virtue of the so-called Dram Shop Act of the State of Illinois

and that the same is without extraterritorial effect. From a judgment order dismissing the complaint, plaintiff prosecutes her appeal.

The sole question before us on this pleading is whether or not the Dram Shop Act of the State of Illinois gives rise to a cause of action where the intoxication occurs in Illinois and the accident arising as a result thereof occurs in another State. The precise question does not seem to have been passed upon heretofore by the courts of this State.

The pertinent portion of the statute under consideration (Ill. Rev. Stat. ch. 43, par. 135 [Jones Ill. Stats. Ann. 68.042]) provides:

"Every . . . person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action . . . against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person. . . ."

█ Intoxication alone does not give rise to a cause of action under the statute, but must be coupled with an act which causes injury. *Baker & Reddick v. Summers,* 201 Ill. 52. Plaintiff suffered no injury or damage in Illinois by virtue of the intoxication of Slaughter. The tortuous act causing the injury was the operation by Slaughter of his automobile into the side of a truck in the State of Indiana, even though it be admitted that such act would not have occurred except for the intoxication.

In *Goodwin v. Young,* 34 Hun. (N. Y.) 252, the court interpreted a statute very similar to ours as having no extraterritorial effect. There plaintiff's servant, Connolly, went from Vermont to New York with a team of horses belonging to plaintiff. While in New York Connolly was sold intoxicating liquor by defendant. Upon Connolly's return to Vermont and due to his

neglect, one of plaintiff's horses died. Suit was brought in New York under the New York Dram Shop Act. The reviewing New York court affirmed the judgment of the trial court, saying in part:

"The sale of liquor was not a wrongful act, either at common law or by the statute. . . . The wrongful act . . . was done in Vermont. . . . But our statute gives a cause of action for the injury, and this, as it is a special statutory provision, must refer to an injury done in this State. It cannot be intended to have an extra-territorial effect."

██ The Illinois statute itself is silent upon its extraterritorial effect, and we are of the opinion it should not be given extraterritorial effect, unless it clearly appears that such was the intention of the legislature. In 48 C. J. S., section 431 under the topic "Intoxicating Liquors," appears the following statement:

"Civil damage laws creating a right of action against persons from whom intoxicants were procured for injuries or damages resulting from the dispensing of the liquor are general laws of the state, without extraterritorial operation or effect, and, as penal legislation, should be strictly construed."

This text is supported by the holdings in *Cruse v. Aden,* 127 Ill. 231, 239, and *Hyba v. C. A. Horneman, Inc.,* 302 Ill. App. 143. In *Howlett v. Doglio,* 402 Ill. 311, the court said (p. 318):

"It was not an actionable tort at common law either to sell or give intoxicating liquor to 'a strong and able-bodied man,' and such an act was not deemed to be culpable negligence imposing liability for damages upon the vendor or donor of the liquor. (*Cruse v. Aden,* 127 Ill. 231.) Although the Dram Shop Act is penal in character and should be strictly construed (*Cruse v. Aden,* 127 Ill. 231; *Meidel v. Anthis,* 71 Ill. 241), the legislation is, at the same time, remedial and should

be so construed as to suppress the mischief and advance the remedy.''

In *Dur-Ite Co. v. Industrial Commission,* 394 Ill. 338, the plaintiff was employed in Illinois where he worked for some time. He was then sent by his employer to California where he contracted an occupational disease. Suit was brought under the occupational diseases statute in Illinois. In denying plaintiff's right to recover, the court said (pp. 348, 349):

''Our conclusion that the Workmen's Occupational Diseases Act does not extend to persons whose employment is beyond the limits of Illinois, even though the contract of employment was made in Illinois, is in harmony with familiar rules of statutory construction. As pertinently observed in 50 Am. Jur., Statutes, sec. 487: 'A statute is prima facie operative only as to persons or things within the territorial jurisdiction of the law-making power which enacted it. These rules apply to statutes using general words, such as ''any'' and ''all,'' in describing the persons or acts to which the statute applies.' In the light of these accepted principles of statutory construction and, also, in view of our clearcut decisions in the *Union Bridge Co.* and *Beall Bros. Supply Co. cases,* the conclusion is that had the General Assembly intended the Workmen's Occupational Diseases Act to have extraterritorial application, appropriate language would undoubtedly have been employed to accomplish its purpose. We cannot indulge in speculation that the omission of words from the title indicating the act applies to exposure to the hazards of an occupational disease outside of this State where the contract of employment is made in Illinois and, also, from section 5, defining the term 'employee' was inadvertent. Instead, the General Assembly deliberately and advisedly omitted extraterritorial provisions from the Workmen's Occupational Diseases Act. In short, this court must take and

construe the law as we find it. Courts are not vested with legislative powers, and this court today, as in the past, declines to arrogate to itself legislative power under the guise of tortuous statutory construction."

We think the argument persuasive, that if the legislature had intended the Dram Shop Act to have extraterritorial effect it would have so provided.

We have reviewed the cases cited by plaintiff. The Illinois case of *Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95, relied upon strongly, does not answer the problem. In that case, due to the negligent loading of barrels into a freight car in Peoria, the plaintiff was injured when the car was opened in Pennsylvania. It is thus clear that the tortious action occurred in Illinois, but, as we have pointed out in the instant case, the intoxication of Slaughter in Illinois was not in itself a tortious act. While it is alleged that the tortious act was occasioned by intoxication which occurred in Illinois, the fact remains that the act itself took place in Indiana. The cases of *Cook v. Kirgan,* 332 Ill. App. 294, and *King v. Haley,* 86 Ill. 106, as well as the cases from foreign jurisdictions, cited in plaintiff's brief, are not in point for the reason that they do not consider the extraterritorial effect of the Dram Shop Act.

We are of the opinion that the trial court was well advised in dismissing the complaint in this case, and the judgment order of the superior court of Cook county is affirmed.

*Affirmed.*

Niemeyer, P. J., and Feinberg, J., concur.