Jesse Butler, and Zelma Butler, Plaintiffs-Appellants, v. George Wittland, and M. E. Wittland, Doing Business as Georgie Porgie's Tavern, Helen Cross, Doing Business as The Jug Tavern, and Paul Merritt and Russell Bergman, Doing Business as The Spot Tavern, Defendants-Appellees.

**Gen. No. 10,171.**

Third District.

September 25, 1958.

Released for publication October 14, 1958.

Inghram & Dittmeyer, and Andrew C. Schnack, Jr., all of Quincy, for plaintiffs-appellants.

Schmiedeskamp, Jenkins & Robertson, of Quincy, for George Wittland, and M. E. Wittland, defendants-appellees.

Moran, Klockau, McCarthy & Johnson, of Rock Island, and Alvin J. Ufkes, of Quincy (Frank G. Schubert, of counsel) for Helen Cross, Paul Merritt, and Russell Bergman, defendants-appellees.

JUDGE CARROLL delivered the opinion of the court.

This is an action under the Dramshop Act against the operators of three taverns located in the City of Quincy, Illinois.

The substantive allegations of the complaint are that the defendants in their respective taverns, sold or gave intoxicating liquors to one Lowell Munns

which caused his intoxication; that while thus intoxicated and as the result thereof he drove his automobile upon a certain highway in the State of Missouri in such a manner as to bring said automobile into collision with an automobile owned and operated by plaintiff Jesse Butler; that as the result of said collision, the latter suffered serious personal injuries and that by reason thereof plaintiff Zelma Butler, wife of Jesse Butler, was injured in her means of support. Damages in the amount of $15,000 are sought by each plaintiff.

The defendants moved for dismissal of the complaint on the grounds that it appears from the allegations thereof that the accident in which plaintiff sustained injuries occurred in the State of Missouri and therefore the Illinois Dramshop Act under which the suit was brought is not applicable. The trial court sustained these motions, entered judgment for defendants, and plaintiffs have appealed.

The sole question presented is whether under the provisions of the Dramshop Act an action may be maintained where the intoxication of a person occurs in Illinois and the injuries resulting therefrom are sustained outside this state. The question thus stated appears to have been passed upon in Eldridge v. Don Beachcomber, Inc., 342 Ill. App. 151, in which leave to appeal to the Supreme Court was denied. In that case the plaintiff alleged that defendant sold or gave intoxicating liquor to a person in Chicago, Illinois which caused the intoxication of the latter and subsequently resulted in an accident in Hammond, Indiana, and the injury of plaintiff who was then a passenger in the automobile being driven by the alleged intoxicant. The defendant filed a motion to dismiss the complaint on the ground that the Illinois Dramshop Act by virtue of which the claimed liability was asserted, is without extraterritorial effect. Defendant's motion was sustained and plaintiff appealed from the judgment order dismissing the complaint. The Appellate Court, First

District, affirmed the judgment of the trial court saying in part:

"Intoxication alone does not give rise to a cause of action under the statute, but must be coupled with an act which causes injury. Baker & Reddick v. Summers, 201 Ill. 52. Plaintiff suffered no injury or damage in Illinois by virtue of the intoxication of Slaughter. The tortious act causing the injury was the operation by Slaughter of his automobile into the side of a truck in the State of Indiana, even though it be admitted that such act would not have occurred except for the intoxication" . . . "The Illinois statute itself is silent upon its extraterritorial effect, and we are of the opinion it should not be given extraterritorial effect, unless it clearly appears that such was the intention of the legislature" . . . "We think the argument persuasive, that if the legislature had intended the Dram Shop Act to have extraterritorial effect it would have so provided."

Plaintiffs insist that this appeal should not be determined upon the authority of the decision in the Beachcomber case. Asserted in the alternative, their theory is that the opinion of the Appellate Court in that case ignored the construction of the Illinois Liquor Control Act which was placed upon it by the legislature or that the factual situation with which the court there dealt is distinguishable from that presented by the instant appeal.

Plaintiffs attempt to find support for the first of these propositions in Sec. 1 of the Act which reads as follows:

"(Construction of Act.) Sec. 1. This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manu-

581

facture, sale and distribution of alcoholic liquors."
Sec. 94, Chap. 43, Illinois Revised Statutes 1955.

 It is argued that in requiring the Act to be liberally construed to the end that the purpose of its enactment be served, the scope of its civil liability provision is rendered broad enough to give it extra-territorial force or effect. Such contention overlooks the fact indicated by the plain language thereof that the Liquor Control Act which includes the Dramshop Act is essentially regulatory in its character. As said in Lichter v. Scher, 11 Ill.App.2d 441, "it is designed to discipline a legal but ill-favored trade." The source of the authority to enact legislation to control and regulate the traffic in intoxicating liquors is the police power of the state. Gibbons v. Cannaven, 393 Ill. 376; Wall v. Allen, 244 Ill. 456. In the exercise of such power, the state has seen fit to incorporate in the Liquor Control Act a provision imposing civil liability upon dramshop keepers. This provision which is referred to as the Dramshop Act, while remedial to the extent that it provides for recovery of damages for injuries resulting from the tortious acts of intoxicated persons, must nevertheless be regarded as serving only to advance the general regulatory purposes of the whole Act. These purposes as evidenced by its language are the protection of the health, safety and welfare of the People of Illinois and the promotion of temperance by control and regulation of the manufacture, sale and distribution of alcoholic liquor within the state. The Dramshop Act as a part of the law governing the sale of liquor in Illinois is therefore essentially disciplinary and regulatory in its character. Robertson v. White, 11 Ill.App.2d 177. However, because the remedy therein provided is made available without regard to fault or negligence of the dramshop keeper, the Act is also penal in character and therefore should be strictly construed. In speaking of its

582

dual nature, the court in Howlett v. Doglio, 402 Ill. 311, had this to say:

"It was not an actionable tort at common law either to sell or give intoxicating liquor to 'a strong and able-bodied man,' and such an act was not deemed to be culpable negligence imposing liability for damages upon the vendor or donor of the liquor. (Cruse v. Aden, 127 Ill. 231.) Although the Dram Shop Act is penal in character and should be strictly construed, (Cruse v. Aden, 127 Ill. 231; Meidel v. Anthis, 71 Ill. 241,) the legislation is, at the same time, remedial and should be so construed as to suppress the mischief and advance the remedy."

■ It is a well established principle that a statute has no extraterritorial force and is prima facie operative only as to persons or things within the jurisdiction of the state where such statute is enacted. Dur-Ite Co. v. Industrial Commission, 394 Ill. 338; Union Bridge & Construction Co. v. Industrial Commission, 287 Ill. 396. With particular reference to the effect of civil damage laws or Dramshop Acts in states other than those enacting the same, the following is found in 48 C. J. S. Intoxicating Liquors, Sec. 431:

"Civil damage laws creating a right of action against persons from whom intoxicants were procured for injuries or damages resulting from the dispensing of the liquor are general laws of the state, without extraterritorial operation or effect, and, as penal legislation, should be strictly construed."

These and other authorities cited in the Beachcomber case opinion appear to definitely support the conclusion that the Dramshop Statute should not be given extraterritorial effect because it does not clearly appear therefrom that such was the intention of the legislature.

In the instant case, the defendants did not become liable by reason of the alleged sale of liquor to Munns and his resulting intoxication. Essential to defendants'

liability under the Illinois Dramshop Act is the sustaining of an injury by plaintiffs as the result of Munns' intoxication. The occurrence constituting this necessary element of liability did not take place in Illinois but in Missouri where the statute under which recovery is sought has no force or effect. Plaintiffs argue that the sale of liquor to Munns and his intoxication occurred in Illinois and constituted a tortious act complete within this state actionable under the Liquor Control Act. This is in effect a contention that any intoxication creates a right of action. No Illinois authority for such proposition is cited and it appears to be in direct conflict with the rule followed by our courts as stated in the cases to which we have referred. Howlett v. Doglio, supra. Eldridge v. Don Beachcomber, Inc., supra.

The vulnerability of plaintiff's position is the absence of a specific provision in the statute giving it an extraterritorial effect. We must assume such omission was intentional on the part of the lawmakers as it is made clear by their language that in enacting this statute, they were writing a law to control and regulate the liquor traffic in Illinois. If this court were to adopt plaintiff's theory it would be reading into a statute a provision which it does not now contain. Dur-Ite Co. v. Industrial Commission, supra. In this connection we also think it pertinent to observe that the Beachcomber case was decided in 1950 and if the court there misinterpreted the intent of the legislature there has intervened ample time during which the legislature by appropriate amendment could have supplied a provision giving the statute extraterritorial effect.

Our attention is directed to the fact that both plaintiffs are citizens of Illinois and therefore the legislature could not have intended to deny them the remedy provided by the Act merely because the injury was sustained in another state. The answer to this argu-

584

ment is that regardless of the citizenship of the parties, the fact remains that the Illinois Dramshop Act is an Illinois statute which is not in force in the State of Missouri.

■ Plaintiffs' claim is for damages resulting from the tortious act of an alleged intoxicated person. The liability of defendants, if any, was not created by the sale to and resulting intoxication of such person alone, but arose when the automobile of the intoxicant and that of plaintiffs' collided in Missouri. The place of the tort or wrong was Missouri, and its laws determine whether the act or omission of the intoxicant gives rise to a cause of action. Mithen v. Jeffery, 259 Ill. 372; Opp v. Pryor, 294 Ill. 538; Restatement, Conflict of Laws, Secs. 377, 378, 379 and 384.

Since we are in agreement with the conclusion reached in the Beachcomber case, it becomes unnecessary to pass on the question argued in the briefs as to whether the decision of the Appellate Court of one district is binding upon the Appellate Court of another district.

■ The principal authority relied upon by plaintiffs is Schmidt, a minor, et al. v. Driscoll Hotel, Inc., 249 Minn. 376, 82 N.W.2d 365, in which the Supreme Court of Minnesota held that under the Dramshop Statute of that state liability accrues upon an illegal sale of intoxicating liquor. This case adds nothing to plaintiffs' argument because as we have previously observed, the courts of this state have repeatedly held that intoxication alone does not give rise to a cause of action under the Illinois Dramshop Act.

We are of the opinion that the trial court did not err in sustaining defendants' motion to dismiss the complaint and its judgment is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.