Frank Rubitsky and Lorraine E. Rubitsky, Plaintiffs-Appellants, v. Russo's Derby, Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 65–113.

Second District.

May 13, 1966.

Cannariato, Nicolosi & Pigatti, of Rockford, for appellants.

Miller, Thomas, Hickey & Collins, of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a judgment on the pleadings entered in the Circuit Court of Winnebago County in favor of the defendant. The complaint alleged that the plaintiff, Frank Rubitsky, sustained personal injuries as a result of an assault by a Jimmie Darrel Brannon and Sandra K. Olson, and sought damages in the amount of $100,000. His wife, Lorraine E. Rubitsky, in a separate count, asked to recover sums expended by her to treat her husband for the injuries. The complaint states that Rubitsky was a cabdriver in the city of Beloit, Wisconsin, and that the defendant, Russo's Derby, Inc., was an Illinois corporation, engaged in the retail sale of alcoholic liquors in South Beloit, Illinois. On March 21, 1964, Rubitsky was summoned to the defendant's place of business in South Beloit to pick up Brannon and Olson.

Rubitsky, at the direction of his passengers, drove to a section of the northern part of the city of Beloit, where Brannon and Olson proceeded to violently assault him and inflict the injuries of which he complains. The complaint further alleges that Brannon and Olson were "in a hopelessly and helplessly intoxicated condition as a consequence of having consumed alcoholic beverages" at defendant's business establishment. It also states that the sale or gift of the intoxicants by defendant's agents

483

was with the knowledge that Brannon and Olson "were not able-bodied persons" because of their prior intoxication. The trial court sustained the amended motion of the defendant to dismiss on the grounds that the complaint failed to state a cause of action.

The original complaint charged that the defendant had violated section 131 of chapter 43, Illinois Revised Statutes, 1963, and, in addition, that the sale or gift of the alcohol to Brannon and Olson was "made either with an intention or a reckless disregard of the consequences."

■ These allegations could be considered to state a tort action based on either the duty imposed by the section of statute cited (not to sell or give liquor to an intoxicated person) or the general duty imposed on all persons to refrain from any act which could reasonably be anticipated to cause harm to others.

■ ■ The complaint was not brought under the so-called Dram Shop Act (Ill Rev Stats 1963, c 43, § 135) which imposes civil liability for damages in certain cases designated in that statute. The law, often criticized in Illinois, is that the Dram Shop Act has no extraterritorial effect and hence would not apply to a situation, such as this one, where the injuries were sustained beyond the jurisdiction of the state. Butler v. Wittland, 18 Ill App 2d 578, 153 NE2d 106; Eldridge v. Don Beachcomber, Inc., 342 Ill App 151, 154, 95 NE2d 512. It is also recognized by the plaintiff that had the injuries been sustained in Illinois his only remedy would have been under the Dram Shop Act. Cunningham v. Brown, 22 Ill2d 23, 174 NE2d 153.

■ Plaintiff places great reliance on the case of Colligan v. Cousar, 38 Ill App2d 392, 187 NE2d 292, which does contain facts comparable to this cause. In that case, the plaintiff, a 13-year-old boy, was struck and injured by an automobile driven in Indiana, approximately 250 feet from the Illinois border. The driver of the automobile had been drinking in various taverns located

on the south side of Chicago, in Illinois, and was, it was alleged, hopelessly intoxicated as a result. The court correctly dismissed the first count brought under the Dram Shop Act on the basis of the decision in Eldridge, supra. A second count, however, alleged in language identical to that used in the complaint before us, that the defendant-taverns were also guilty of general negligence. The court proceeded to examine the law of Indiana on the principle of lex loci delicti, i. e., where an action is brought in Illinois for a tort committed in another state, the substantial law of the latter will be applied by the Illinois court. Butler v. Wittland, supra; Opp v. Pryor, 294 Ill 538, 128 NE 580; Mithen v. Jeffery, 259 Ill 372, 102 NE, 778. It then determined that Indiana "had no rule of common law with reference to this particular subject," and that, therefore, the law of Indiana was presumably the same as that of the forum, Illinois. The court also failed to find any authority in Illinois law for common-law liability for the sale or gift of intoxicating liquors but proceeded to establish it after a lengthy discussion of the genius and flexibility of the common law. It then applied the new law of the forum to the facts before it and reversed that part of the decision of the trial court that had dismissed the count for general negligence in the complaint.

However, an important distinction exists between the Colligan case and our own. There, as we have seen, the court found no law in Indiana applicable to the situation and was able to use the law of the forum. Wisconsin has, however, expressed itself in this regard, to the effect that there is no common-law liability for the sale or gift of liquor to an able bodied man. Demge v. Feierstein, 222 Wis 199, 268 NW 210; Seibel v. Leach, 233 Wis 66, 288 NW 774. Plaintiff here argues that, due to their prior intoxication, neither Brannon nor Olson was "able-bodied" and that the Wisconsin cases are not in point. In the more recent case of Farmers Mut.

Automobile Ins. Co. v. Gast, 17 Wis2d 344, 117 NW2d 347 (1962) the Supreme Court of Wisconsin considered a similar argument. It was there contended that the common-law rule did not apply to the dispensation of alcohol to a 17-year-old boy since he was not "an able-bodied man." The court indicated some sympathy with this argument but concluded:

> "Nevertheless, to hold that plaintiff's complaint states a cause of action in common-law negligence independent of defendant's violation of sec 66.054 (9) (b) stats would require that this court overrule Demge v. Feierstein, supra, and Seibel v. Leach, supra. We do not deem this a proper case in which to do so."

As far as we can determine there have been no subsequent Wisconsin cases on this subject. We must conclude, therefore, that the state of Wisconsin has common law on the subject and that it is to the effect that there is no civil liability for the sale or gift of intoxicants. We must apply this law to our case under the doctrine of lex loci delicti, as enunciated earlier, and conclude that the trial court correctly dismissed the complaint.

For the reasons given, the decision of the trial court will be affirmed.

Affirmed.

MORAN, P. J. and DAVIS, J., concur.