Thomas **BAILEY**, Plaintiff-Appellant,

v.

The **DOW CHEMICAL COMPANY**, a
corporation, Defendant-Appellee.

No. 17129.

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1969.

Norman Kinder, Jr. and Charles W.
Chapman,* Chapman, Strawn & Kinder,
Granite City, Ill., for appellant.

Gordon Burroughs, Edwardsville, Ill.,
Emerson Batez,* Alton, Ill., Charles W.
King, Edwardsville, Ill., for appellee.

* Gave oral argument.

1. Franklin v. United States, 342 F.2d 581,
589 (7th Cir. 1965); Waynick v. Chica-
go's Last Dept. Store, 269 F.2d 322, 325,

Before CASTLE, Chief Judge, HAST-
INGS, Senior Circuit Judge, and KER-
NER, Circuit Judge.

PER CURIAM.

This appeal arises from the District
Court's granting of defendant's motion
for a directed verdict in a diversity ac-
tion brought by plaintiff to recover for
injuries suffered by him. Defendant
had engaged Biltmoor Moving and Stor-
age Company to move a press from its
plant in Madison, Illinois. Plaintiff was
an employee of Biltmoor and was injured
when the press fell on him while he and
fellow employees of Biltmoor were in the
process of moving the press for defend-
ant on the latter's premises.

Plaintiff contends that defendant is li-
able since an employee of defendant gave
Biltmoor an incorrect estimate of the
weight of the press and since defendant
failed to provide a fork lift for moving
it. The evidence, however, together with
all the reasonable inferences deducible
therefrom, when viewed in a light most
favorable to the plaintiff, fails to estab-
lish the existence in defendant of any le-
gal duty toward plaintiff in either re-
spect or that a breach of any duty the
defendant owed plaintiff was a proxi-
mate cause of the injuries he suffered.

Therefore, since a legal duty, requiring
the actor to conform to certain standards
of conduct, is a necessary element to a
cause of action based on negligence,[1] and
since such duty has not been established
in the instant case, the judgment below
is affirmed.

Affirmed.

77 A.L.R.2d 1260 (7th Cir. 1959); Mur-
phy v. Cory Pump & Supply Co., 47 Ill.
App.2d 382, 401, 197 N.E.2d 849, 858
(1964).