**BRINKLEY & WEST, INC.**

v.

**FOREMOST INSURANCE COMPANY.**

Civ. A. No. 71–1110.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 1, 1971.

**476**

Clarence F. Favret, Jr., Favret & Drolla, New Orleans, La., for plaintiff.

Carl Schumacher, Jr., Donald R. Mintz, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for defendant.

JACK M. GORDON, District Judge:

This matter comes before the Court on defendant's motion to dismiss complaint or, in the alternative, motion for judgment on the pleadings.[1] Plaintiff, Brinkley & West, Inc. (hereinafter referred to as "Brinkley & West"), a Louisiana corporation domiciled in New Orleans, has brought this action for injunctive relief and damages against the defendant, Foremost Insurance Company (hereinafter referred to as "Foremost"), a Michigan corporation authorized and qualified to do business in Louisiana. The complaint, as amended, alleges that an agency agreement was entered into whereby Brinkley & West would act as agent for Foremost in Louisiana and various other states. The plaintiff alleges that this agency agreement is in effect a general agency agreement pursuant to which it was to obtain "sub-agents" to "solicit and procure the writing of policies of insurance of Foremost Insurance Company, insuring specific loss on mobile homes and other property." Plaintiff then entered into "sub-agency" agreements in various states. A sample of the form of such "sub-agency" agreement was made a part of the deposition of William H. Anderson of Cleveland, Tennessee. Under these agreements the "sub-agents" had no authority to bind Brinkley & West, but

were authorized only to take insurance proposals for submission to Brinkley & West in New Orleans. These proposals had to be accepted by Brinkley & West before the "sub-agent" received any compensation or commission. Moreover, the agreement specifically provided that all monies due Brinkley & West were due and payable at its office in New Orleans.

Plaintiff's complaint is founded upon its allegations that Foremost is "pirating" its "sub-agents;" i. e., that Foremost has entered upon a course of conduct under which it is contacting the aforesaid "sub-agents" in an effort to induce them to cease forwarding insurance proposals to Brinkley & West, and to place their insurance proposals directly with Foremost.

Examination of the complaint, as amended, memoranda filed by plaintiff, as well as responses of plaintiff's counsel to specific questions by the Court during hearing of this motion, all confirm that the sole injury which Brinkley & West claims to have suffered is monetary damages attributable to the alleged tortious inducement by the defendant of breaches of contract on the part of plaintiff's "sub-agents." This alleged damage is based on losses incurred and to be incurred by plaintiff as a result of its not receiving insurance proposals as contemplated by the "sub-agency" agreements.

For the purposes of this motion, the parties have specifically expressed agreement on all relevant points, except whether, under the facts here present, the tort law applicable is that of Louisiana, or of the various states in which plaintiff's "sub-agents" were allegedly "pirated" by defendant. The parties concede that if Louisiana tort law is applicable, then the case must be dismissed because of Louisiana jurisprudence holding that tortious inducement to breach a contract is not actionable in Louisiana.

[1.] Under Rule 12 of the Federal Rules of Civil Procedure, because matters other than pleadings are being considered, this motion is treated as a motion for summary judgment.

The defendant contends that Louisiana law should be applied because the last element of the alleged tort occurred in Louisiana. In this regard, defendant argues that damage to the plaintiff is such last element, and that the alleged damage, if any, necessarily would occur in Louisiana when plaintiff suffered a financial loss as a result of its failure to receive insurance proposals from its "sub-agents."

On the other hand, the plaintiff contends that this Court should apply the laws of the states where the alleged "pirating" of the "sub-agents" by the defendant took place, arguing that the last element of the tort was present at that time.

■ Both parties agree that because this Court is sitting in a diversity case it must look to the choice of law principles of Louisiana, Louisiana being the forum state. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Louisiana law the principle of *lex loci delicti* controls tort choice of law situations. Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970). In *Johnson* the Louisiana Supreme Court stated:

> Essentially, plaintiff cannot recover in tort unless he has been given by some law a cause of action in tort; and this cause of action can be given only by the law of the place where the tort is committed. That is the place where the injurious event occurs, and the law of that place applies. Johnson v. St. Paul Mercury Insurance Company, 236 So.2d 216, 222. See also, 2 Beale, Conflict of Laws § 378.1 (1935); Pendleton v. Aetna Life Insurance Co., 320 F.Supp. 425, 428 E.D.La. (1970).

Likewise, in applying the *lex loci* principle, the first Restatement states that "the place of the wrong is the state where the last event necessary to make an actor liable for an alleged tort takes place" and "the law of the place of wrong determines whether a person has sustained a legal injury." Restatement of the Law, Conflict of Laws § 377 and § 378 (1934). The thrust of both the *Johnson* case and the Restatement indicates that the law of the place of the injury or damage should be applied.

Several cases dating from the late nineteenth century are helpful in determining which law should govern when the act causing the injury, and the resulting injury, occur in different jurisdictions. In Cameron v. Vandergriff, 53 Ark. 381, 13 S.W. 1092 (1890), blasting took place in the Indian Territory (now the state of Oklahoma) causing a boulder to injure the plaintiff in Arkansas. The Court concluded the law of the place of the injury, Arkansas, was controlling. In Alabama G.S.R. Co. v. Carroll, 97 Ala. 126, 11 So. 803 (1892), there was negligent coupling of railroad cars by the defendant company in Alabama. This negligence resulted in an injury to the plaintiff, Carroll, in Mississippi. The Alabama Court stated the law of Mississippi governs because that was the place where the injury to the plaintiff occurred.

In a more recent case, Jeffrey v. Whitworth College, 128 F.Supp. 219 (E.D. Wash.1955), the college, a Washington charitable institution, contracted for an outing in Idaho during which one of the students was injured. The federal district court held that the Idaho law must be applied because it was the place of the injury. In another recent case, Strand v. Librascope, Inc., 197 F.Supp. 743 (E.D.Mich.1961), the plaintiff, a Michigan resident, bought defective electrical components from the defendant, a California corporation. The plaintiff filed an action for breach of express and implied warranties and for fraud and deceit. The district court stated that the loss to the plaintiff occurred in Michigan, and, thus, Michigan law should govern. See also, Lefler, American Conflicts Law 319–20 (1968); Strumberg, Principles of Conflict of Laws 182 (3rd ed. 1963); Annot., 77 A. L.R.2d 1266 (1961); Annot., 133 A.L.R. 260 (1941).

■ Assuming that the plaintiff has stated a cause of action based on the defendant's inducing a breach of contract, a necessary element, and in this case the final element, of that cause of action is damage to the plaintiff. Professor Prosser states, "It is generally agreed that proof that some damage has been sustained is necessary to the action, * * *" Prosser, Law of Torts 948 (4th ed. 1971). See also, Myers v. Arcadio, Inc., 73 N.J.Super. 493, 180 A.2d 329 (1962); Annot., 26 A.L.R.2d 1227 (1953). The sole damage or injury about which plaintiff has complained is alleged monetary damages resulting from the failure of its "sub-agents" to forward insurance proposals to the plaintiff's New Orleans office. The alleged damage to the plaintiff thus occurred in Louisiana when the plaintiff did not receive these proposals. The damage to the plaintiff, if any, having taken place in Louisiana, this Court is bound by the choice of law rule of Johnson v. St. Paul Mercury Insurance Company, *supra*, to apply the law of the place of the injury. In this case the place of the alleged injury is Louisiana, so Louisiana law must be applied.[2]

■ It is well established in Louisiana law that an action cannot be maintained for inducing a third person to break his contract. Alexander v. Texas Co., 149 F.Supp. 37 (W.D.La.1957); New Orleans Opera Guild, Inc. v. Local 174, Musicians Mutual Protective Union, 242 La. 134, 134 So.2d 901 (1961); Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1927); B. J. Wolf and Sons v. New Orleans Tailor-Made Pants Co., 113 La. 388, 37 So. 2 (1904); Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902). Thus, under Louisiana law the plaintiff has no cause of action and its complaint must be dismissed.

It is the order of the court that the defendant's motion to dismiss the complaint or, in the alternative, motion for judgment on the pleading be treated as a motion for summary judgment pursuant to Federal Rules of Civil Procedure, Rule 12(b), and summary judgment for the defendant is hereby granted.

---

2. It is possible that because states other than Louisiana have virtually no interest in having their laws applied, that this problem is more properly characterized as a "false conflict." Lester v. Aetna Life Insurance Co., 433 F.2d 884 (5th Cir. 1970). This Court need not decide this question since under either analysis Louisiana law should be applied.